CEILAM N. SPITZER et al., Appellants, *v.* THE VILLAGE OF FULTON, Respondent.

VILLAGES — CONSTITUTIONAL LAW — THE STATUTE (L. 1898, CH. 269, ART. 2, § 5) REQUIRING THAT A VOTER UPON A PROPOSITION TO ESTABLISH WATER WORKS IN THE VILLAGE OF FULTON AND ISSUE BONDS THEREFOR, OR HIS WIFE, MUST BE A TAXPAYER, IS NOT UNCONSTITUTIONAL. The provision of the statute (L. 1898, ch. 269, art. 2, § 5) defining the qualifications of voters in the village of Fulton and requiring that a voter, in order to vote upon a proposition that the village establish a system of water works and issue bonds for that purpose, " must be entitled to vote for an officer, and he or his wife must also be the owner of property in the village, assessed upon the last preceding assessment roll thereof," is not in conflict with section 1 of article 2 of the Constitution of the state, defining the qualifications of electors of the state and providing that such electors shall be entitled to vote " for all officers that now are or hereafter may be elective by the ‘people; and upon all questions which may be submitted to the vote of the people;" since such provision must be construed in connection with section 1 of article 12 of the Constitution, which provides that " It shall be the duty of the Legislature to provide for the organization of cities and incorporated villages, and to restrict their power of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent abuses in assessments and in contracting debt by such municipal corporations," and so construed, the first provision is general and relates only to the general governmental affairs of the state; the latter is local and relates to the business or private affairs of the municipalities specified, and the statute is in accordance with the established policy of the state to limit the right of suffrage as to the business or financial affairs of its various villages to the taxpayers of the municipality, and is fully justified by, and not in conflict with, the provisions of the organic law.

*Spitzer* v. *Village of Fulton,* 61 App. Div. 612. affirmed.

(Argued October 13, 1902; decided October 21, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 15, 1901, upon an order affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jordan J. Rollins* for appellants. The appellants are entitled to recover from the respondent the amount of their deposit made in pursuance of the respondent's call for bids, in the event that the respondent, at the time and place fixed by the offer and acceptance, undertook to deliver only alleged bonds which were invalid or of doubtful validity and did not tender valid and effectual bonds. (*Listman* v. *Hickey*, 143 N. Y. 630 ; 65 Hun, 8 ; Dillon on Mun. Corp. [3d ed.] § 938; *Forster* v. *Winfield*, 142 N. Y. 327 ; *City of Great Falls* v. *Theis*, 79 Fed. Rep. 943 ; *Moore* v. *Williams*, 115 N. Y. 586.) The alleged bonds which were tendered by the respondent to the appellants were invalid and absolutely void. The act, by authority of which the village bonds under consideration purport to have been issued, is unconstitutional. (Const. of N. Y. art. 2, § 1; *Page* v. *Allen*, 58 Penn. St. 338 ; *People ex rel.* v. *Potter*, 47 N. Y. 375 ; *Matter of Woolsey*, 95 N. Y. 135 ; *Matter of Gage*, 141 N. Y. 112 ; *Green* v. *Shumway*, 39 N. Y. 418 ; *Allison* v. *Blake*, 57 N. J. L. 6 ; *Kimball* v. *Hendee*, 57 N. J. L. 307 ; *Chamberlain* v. *Board of Education*, 57 N. J. L. 605.)

*Nevada N. Stranahan* for respondent. The subdivision of section 5 of the village charter, imposing a property qualification for voters upon a proposition, in no wise violates or contravenes the Constitution of the state. (Const. of N. Y. art. 2, § 1.) In the absence of judicial construction, legislative construction of constitutional provisions must control. (*People* v. *Home Ins. Co.*, 92 N. Y. 328 ; *People ex rel.* v. *Williams*, 55 N. Y. 357; *People* v. *Suprs. of Orange*, 17 N. Y. 235.) Every presumption is in favor of the constitutionality of a statute. (*Fort* v.

Cummings, 90 Hun, 481; People v. Budd, 117 N. Y. 13; Roosevelt v. Goddard, 32 Barb. 533; People ex rel. v. Durston, 119 N. Y. 569; Sweet v. City of Syracuse, 129 N. Y. 316; People ex rel. v. Rice, 135 N. Y. 484; Matter of Church, 28 Hun, 476; People ex rel. v. Lorillard, 135 N. Y. 285; Smith v. People, 47 N. Y. 330; People ex rel. v. Potter, 47 N. Y. 375; People ex rel. v. Angle, 109 N. Y. 564.)

Per Curiam.  This action was to recover one thousand dollars which the plaintiffs had deposited with the defendant as earnest money to secure the performance by them of a bid or contract for the purchase of one hundred and fifteen bonds of the par value of one thousand dollars each, to be issued by it for the purpose of securing the money with which to construct a system of water works within its boundaries for the use of the defendant and its inhabitants.  The bonds were advertised for sale, and each bidder was required to deposit a certified check for one thousand dollars.  The check of the successful bidder was to be applied on account of the purchase price of the bonds, or to be retained by the defendant as liquidated damages in case the purchaser should fail to comply with his bid.  The plaintiffs made a written bid for the purchase of the bonds, and delivered to the treasurer of the defendant a cashier's check for one thousand dollars, to be applied on the purchase price of the bonds if awarded to them.  The bonds were thus awarded.  They were tendered to the plaintiffs, but they refused to accept them, and notified the defendant that they elected to rescind their contract. They then made a demand upon the fiscal officer of the defendant for the amount thus deposited, which was refused, and this action was commenced.

The defendant demurred to the complaint upon the ground that it appears upon its face that it does not state facts sufficient to constitute a cause of action.  The demurrer was sustained at Special Term and unanimously affirmed by the Appellate Division.

That the defendant was authorized by chapter 269 of the

Laws of 1898 to establish a system of water works and to issue bonds for that purpose is not denied. The contention of the plaintiffs is that that statute was unconstitutional and void, because it was in conflict with the provisions of section 1, article 2 of the Constitution of the state, which defines the general qualifications of the electors of the state as follows: " Every male citizen of the age of twenty-one years, who shall have been a citizen for ninety days, and an inhabitant of this State one year next preceding an election, and for the last four months a resident of the county, and for the last thirty days a resident of the election district in which he may offer his vote, shall be entitled to vote at such election in the election district of which he shall at the time be a resident, and not elsewhere, for all officers that now are or hereafter may be elective by the people ; and upon all questions which may be submitted to the vote of the people."

The provisions of the statute of 1898, which the plaintiffs claim rendered it unconstitutional, are as follows : " A voter at a village election must possess the following qualifications: 1. To entitle him to vote for an officer, he must be qualified to vote at a town meeting of the town of Volney, and must have resided in the village thirty days next preceding such election. 2. To entitle him to vote upon a proposition, he must be entitled to vote for an officer, and he or his wife must also be the owner of property in the village, assessed upon the last preceding assessment roll thereof." The manifest purpose of these provisions was to define the qualifications of electors who should be authorized to vote at the various municipal elections of the defendant for the election of its public officers, and also to define the qualifications they must possess to vote upon the various propositions which should arise as to the business or financial affairs of the municipality. To vote for public officers, they were required to possess only the qualifications required of an elector of the town in which the defendant corporation was situated, which were only such as an elector was required to possess under the provisions of article two. But when a proposition was presented to be

voted upon which related only to the business or private affairs of the corporation and involved the creation of a debt or an extraordinary expenditure to be raised by taxation, then the added qualification of being a taxpayer was required.

The contention of the plaintiffs is that the provisions of chapter 269 contain a restriction upon the provisions of article two as to the right to vote for elective officers and upon all questions which may be submitted to the vote of the people, and, hence, are violative of its provisions. The obvious purpose of that article was to prescribe the general qualifications that voters throughout the state were required to possess to authorize them to vote for public officers or upon public questions relating to general governmental affairs. But we are of the opinion that that article was not intended to define the qualifications of voters upon questions relating to the financial interests or private affairs of the various cities or incorporated villages of the state, especially when, as in this case, it relates to borrowing money or contracting debts. This becomes manifest when we also consider section 1 of article 12 of the Constitution which provides: "It shall be the duty of the Legislature to provide for the organization of cities and incorporated villages, and to restrict their power of taxation, assessment, borrowing money, contracting debts, and loaning their credit, so as to prevent abuses in assessments, and in contracting debt by such municipal corporations." Article two must be construed in connection with article twelve. When read together, we have two provisions of the Constitution which relate to this question. The first was intended merely to define the general qualifications of voters for elective officers or upon questions which may be submitted to the vote of the people which affect the public affairs of the state; the second, a provision by which it is made the duty of the legislature to protect the taxpayers of every city and village in the state and to restrict their power of taxation, assessment, borrowing money and contracting debts, so as to prevent any abuse thereby. One is general, relating to the whole state. The other is in effect local, relating only to the cities and villages

19

of the state. One relates only to the general governmental affairs of the state. The other relates to the business or private affairs of the municipalities specified. By the latter section the manner of restraining municipal corporations from contracting debts and of preventing abuses in that regard is left to the sound discretion of the legislature, and was to be controlled by such legislation as it should deem proper and which tended to secure that end. What better or more effective method of preventing such abuses and protecting such taxpayers could be devised than to restrict the right of voting upon propositions for borrowing money or for contracting debts, to the persons who are liable to be taxed for the payment of such debts? Indeed, the proposition that the incurring of such indebtedness shall be sustained only when a majority of the taxable inhabitants shall vote in its favor, seems not only to be pre-eminently just, but such has been the method which has hitherto been generally, if not universally, adopted by the legislature to restrain the various villages of the state in their power of borrowing money or contracting debts so as to prevent such abuses. Not until now, so far as we know, has it been even claimed that such a provision was violative of the article of the Constitution defining the general qualifications of the electors of the state. Indeed, the established policy of this state has been to limit the right of suffrage as to the business or financial affairs of its various villages to the taxpayers of the municipality, and it has never been its policy to confide their financial affairs to the general voters therein.

When we consider all the provisions of the Constitution bearing upon this subject, we feel assured that none of the changes or amendments of that instrument was intended to alter or affect the power of the legislature to restrict the right of villages to borrow money or contract debts for unusual or extraordinary expenditures to cases where a majority of the taxpaying electors should, by their votes, consent thereto. It was the obvious intention of its framers to provide that any abuses of that character should be prevented by the legisla-

ture, and article twelve so plainly declares. Such, we think, was the purpose and effect of the legislation under consideration, that it was fully justified and is not in conflict with the provisions of the organic law. Hence, we conclude that the proceedings of the defendant which resulted in issuing the bonds in question were justified by the statute, that it is valid and that the judgment herein should be affirmed.

The judgment and order should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, CULLEN and WERNER, JJ., concur; HAIGHT, J., absent.

Judgment and order affirmed.