■ In the Matter of C. RAYMOND GRAY, Appellant, against BOARD OF EDUCATION OF THE CENTRAL SCHOOL DISTRICT NO. 2 OF THE TOWNS OF WAWARSING AND ROCHESTER, ULSTER COUNTY, AND MAMAKATING AND FALLSBURGH, SULLIVAN COUNTY, et al., Respondents.— Appeal from an order of the Supreme Court, Special Term entered in Ulster County, which dismissed the petition in a proceeding brought pursuant to article 78 of the Civil Practice Act for an order directing the respondents to convey to petitioner a certain parcel of land. The petition alleges that the sale and conveyance to petitioner of an unimproved lot were authorized at a special meeting of the voters of a common school district. The lands comprising that district had previously become a part of the territory of the respondent central school district. Notice of the special meeting, subscribed in the name of the last clerk of the common school district, was posted by petitioner. It is admitted in petitioner's reply that the central school district was organized in 1951. That being so, the officers of the previously existing districts remained in office only until August 1 next following the organization (Education Law, § 1805) and the former officers of the common school district were, therefore, out of office, and, of course, without authority to call or give notice of any meeting. That power devolved solely upon the board of education of the central school district, pursuant to. subdivision 6 of section 1804 of the Education Law, which provides in part: " The board of education shall not sell or otherwise dispose of the property of any such existing district except with the approval of a majority of the qualified voters of such existing district present and voting upon the question at a meeting of such voters *duly called by such board of education.*" (Emphasis supplied.) The calling of such a meeting is not, as appellant contends, a mere ministerial act so unimportant that noncompliance with the statute may be overlooked. On the contrary, a determination whether and when and under what circumstances to submit to the voters a proposal to sell a district's real property requires consultative action and the exercise of some measure of judgment and discretion. It seems scarcely necessary to observe that the authority conferred upon the board may not be delegated or be exercised by such resident or residents as might at one time or another desire to call a meeting. It follows that petitioner is not entitled to the relief sought. Our conclusion renders unnecessary a discussion of the additional grounds for dismissal urged by respondents, including that upon which the Special Term's dismissal was predicated, and we do not pass upon them. Order affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.