FIRST DEPARTMENT, AUGUST, 1963

(August 21, 1963)

■ In the Matter of ROBERT B. BLAIKIE, Individually and On Behalf of Others Similarly Situated, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Appellants.— Order, entered on August 13, 1963, unanimously reversed on the law, without costs, and the proceeding dismissed. The provisions for limiting voting for councilmen at large contained in section 22 of the New York City Charter, enacted as a local law of the city, are fully in accord with rather than in contravention to constitutional provisions. The city was expressly empowered by section 12 of article IX of the State Constitution "to adopt and amend local laws not inconsistent with this constitution and laws of the state, and whether or not such local laws relate to its property, affairs or government, in respect to the following subjects: * * * mode of selection * * * of all its officers and employees except of members of the governing elective body of the county in which such city is wholly contained, the membership and constitution of its local legislative body". This express vesting in the city of the broad home rule power to enact laws relating to the method and mode of election or selection of its public officers, particularly also as to the membership and constitution of its local legislative body, is controlling here. (See *Bareham* v. *City of Rochester*, 246 N. Y. 140, 146.) On the other hand, the provisions of section 1 of article II of the State Constitution, guaranteeing the right of citizens to vote "for all officers that now are or hereafter may be elective by the people" have been held as intended to "prescribe the general qualifications that voters throughout the state were required to possess to authorize them to vote for public officers or upon public questions relating to general governmental affairs." (*Spitzer* v. *Village of Fulton*, 172 N. Y. 285, 289; *Johnson* v. *City of New York*, 274 N. Y. 411, 419.) These provisions of section 1 of article II should not be applied to limit the aforesaid expressly conferred constitutional right of the city to provide for a system of voting looking toward proper minority representation in local affairs. We believe that *Johnson* v. *City of New York* (*supra*) so holds. And section 9 of article IX is compatible with the provision here for the particular system of voting since the election of the councilmen at large is "by the people", albeit in a manner to insure the minority representation. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.

■ In the Matter of GEORGE DELANEY et al., Respondents, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Appellants.— Order entered August 20, 1963, unanimously reversed on the law and petition dismissed, without costs. The statute (Election Law, §§ 242-a, 248) does not mandate in the case of machines the use of "slate" voting in primary elections. On the contrary, the provisions of the statute relating to the arrangement of the ballots for use in primary elections prescribe the use of the so-called "Massachusetts form" of primary ballot. (See Election Law, § 108.) *Matter of Greitzer* v. *Power* (10 A D 2d 921) sustained the exercise of discretion in the Board of Elections based on mechanical limitations of the voting machine formerly in use. The mechanical limitations having been now removed, the board's discretion was properly exercised within the scope of the provisions of section 242-a of the Election Law. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.