Frank A. Gulotta, J.
This is a motion to dismiss the complaint in an action for a declaratory judgment which seeks to invalidate the adoption of a proposition to add an addition to the high school in the defendant school district.
The election is challenged both on procedural grounds and upon the more fundamental ground that the statutory qualifications for voting are unconstitutional.
As to the first point, I deem the court to have been deprived of jurisdiction to consider such matters as the sufficiency of notice of the meeting, the supervision of the polls, the certification of the result of the voting, etc. by section 2037 of the Education Law reading in part as follows: “All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review. The commissioner may in his discretion order a new meeting or election. ’ ’ Under a previously different numbering (§ 1735) this language was construed to vest exclusive jurisdiction in the Commissioner of Education to finally dispose of an election dispute.
*368 As to the second question, the attempt to dispose of it by pointing out that none of the plaintiffs presented themselves for registration or attempted to vote and hence can have no grievance, I regard as untenable.
The point of this complaint made by three persons who are residents and taxpayers in the school district and who could have qualified to vote and one who is only a resident and who could not have so qualified is not that they personally were prevented from voting, but that the voting was illegally restricted by section 2012 of the Education Law, making the adoption of the proposition, for which all property in the district will be taxed, illegal.
Section 2012 is considerably more restrictive on the right to vote than section I of article II of the Constitution. The latter outlaws requirements other than citizenship, attainment of adulthood, and various periods of residence in the State, county and election district. On the other hand, the former adds a requirement which is in substance ownership of property or parentage of a child in school. It is on this difference on which the constitutional attack of the plaintiffs is based.
It seems to me that Spitzer v. Village of Fulton (172 N. Y. 285) has authoritatively settled this question contrary to plaintiffs’ contention when it held that section I of article II applied only to general elections relating to governmental affairs of the whole State.
There is nothing in Johnson v. City of New York (274 N. Y. 411) to detract from Spitzer (in fact the case is cited with approval), and the fact that only one member of the Court of Appeals found it necessary to rely on Spitser in Matter of Blaikie v. Power (13 N Y 2d 134) which followed Johnson, in no wise detracts from its authority.
The criticism of section 2012 based on various seemingly illogical distinctions between the spouse of an owner against the spouse of a lessee, boarder against lessee, etc. are well within the scope of legislative discretion and present no constitutional question. Motion granted.