**Morris H. KRAMER, Plaintiff,**

v.

**UNION FREE SCHOOL DISTRICT #15,**
**Raymond S. Baron, Jesse Cesiari, Bardon Deixel, Ralph J. Edsel, J. Gibson**
**Fruin, Elliot A. Norwalk and Harold**
**S. Rosenfeld, Defendants.**

**No. 66–C–76.**

United States District Court
E. D. New York.

May 10, 1966.

Murray A. Miller, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of New York, by Daniel M. Cohen, Asst. Atty. Gen., of New York, Charles A. Brind, Jr., Albany, N. Y., for defendants; John P. Jehu, Albany, N. Y., of counsel.

ZAVATT, Chief Judge.

## MEMORANDUM

Plaintiff, in this action, seeks an order pursuant to 28 U.S.C. §§ 2281 and 2284 convoking a three-judge constitutional court for the purpose of determining that New York Educational Law McKinneys' Consol.Laws, c. 16, § 2012 is unconstitutional and restraining defendants from enforcing that section in the forthcoming election in Union Free School District No. 15. Plaintiff further requests that a three-judge court order defendants to submit a plan whereby plaintiff will be permitted to register to vote in all future school board elections in said District No. 15. Defendants, on the other hand, move to dismiss the action on the grounds that this court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief may be granted. There is neither diversity of citizenship nor an amount of money in controversy. If this court has jurisdiction, it can only lie under 28 U.S.C. § 1343 which provides in part:

"The district courts shall have original jurisdiction of any civil action authorized by law [1] to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States \* \* \*."

Title 2 of New York's Education Law, provides for the organization of school districts within the State. Article 41 thereof provides for district meetings. Plaintiff, herein, challenges the constitutionality of the statutory qualifications for voters at district meetings embodied in § 2012 thereof, which provides:

"§ 2012. Qualifications of voters at district meetings

A person shall be entitled to vote at any school meeting for the election of school district officers, and upon all other matters which may be brought before such meeting, who is: 1. A citizen of the United States.

2. Twenty-one years of age.

3. A resident within the district for a period of thirty days next preceding the meeting at which he offers to vote; and who in addition thereto possesses one of the following three qualifications:

a. Owns or is the spouse of an owner, leases, hires, or is in the possession under a contract of purchase of, real property in such district liable to taxation for school purposes, but the occupation of real property by a person as lodger or boarder shall not entitle such person to vote, or

b. Is the parent of a child of school age, provided such a child shall have attended the district school in the district in which the meeting is held for a period of at least eight weeks during the year preceding such school meeting, or

c. Not being the parent, has permanently residing with him a child of school age who shall have attended the district school for a period of at least eight weeks during the year preceding such meeting.

No person shall be deemed to be ineligible to vote at any such meeting, by reason of sex, who has the other

---

1. "§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
42 U.S.C. § 1983.

qualifications required by this section."

As amended L.1956, c. 497, eff. April 9, 1956. Plaintiff, an unmarried adult, residing in the district with his rent-paying parents, is not permitted to register to vote under this statute. He claims that the statute violates the "XIV Amendment to the Constitution of the United States, in that it denies the Plaintiff and others similarly situated their privilege, as Citizens of the United States, of their right to vote."

A. *Convening a three-judge district court*

28 U.S.C. § 2281 provides:

" § 2281. Injunction against enforcement of State statute; three-judge court required

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

The principles governing a district judge on a motion to convene such a court are set out in Ex parte Poresky, 290 U.S. 30, 31–32, 54 S.Ct. 3, 4–5, 78 L.Ed. 1, 2 (1933):

" * * * [I]f the court [is] warranted in taking jurisdiction and the case [falls within § 2281], a single judge [is] not authorized to dismiss the complaint on the merits, whatever his opinion of the merits might be. * * * [T]he provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction. In the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented. 'A substantial claim of unconstitutionality is necessary for the application of [§ 2281].' * * * That provision does not require three judges to pass upon this initial question of jurisdiction.

The existence of a substantial question of constitutionality must be determined by the allegations of the bill of complaint. * * * The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' * * *

While it is appropriate that a single District Judge to whom application is made for an interlocutory injunction restraining the enforcement of a state statute should carefully scrutinize the bill of complaint to ascertain whether a substantial question is presented, to the end that the complainant should not be denied opportunity to be heard in the prescribed manner upon a question that is fairly open to debate, the District Judge clearly has authority to dismiss for the want of jurisdiction when the question lacks the necessary substance and no other ground of jurisdiction appears. * * * "

See also Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).

B. *The substantiality of the question*

■ The court recognizes that "the Equal Protection Clause of the Fourteenth Amendment restrains the States from fixing voter qualifications which invidiously discriminate." Harper v. Virginia State Board of Elections, 383 U.S. 663, 666, 86 S.Ct. 1079, 1081, 16 L.Ed.2d 169 (1966). In the instant case, however, we have no class distinction based on race, sex or wealth distinctions prohibited by the Federal Constitution,

based on degree of interest in the local *Harper,* supra, but rather a distinction and special subject matter to which the state statute is directed.

Plaintiff does not and cannot allege that his property is being taxed by the school district without his having a vote, since he owns no property in the district. Neither does he nor can he allege that the education of his children is being affected without his having a vote, since he has no children.

The mere fact that a state legislature, representing the majority will of the state's population, enacts a statute which discriminates between certain classes of its citizens, does not per se render the statute constitutional, Lucas v. Forty-Fourth General Assembly of State of Colorado, 377 U.S. 713, 736–737, 84 S.Ct. 1459, 1474, 12 L.Ed.2d 632 (1964), but that fact does entitle the statute to a presumption of validity. See e. g., People of the State of New York v. O'Neill, 359 U.S. 1, 79 S.Ct .564, 3 L.Ed.2d 585 (1959).

The statute challenged in this court has already survived a similar challenge in the courts of the State of New York, a State whose constitution also provides for equal protection of the law, N.Y. Const. Art. I, § 11, and basic equality in voting rights, id., Art. II, § 1. Challenged, *inter alia,* on the ground that the statute violated the equal protection clause of the federal constitution, the constitutionality of § 2012 was upheld by the Supreme Court of Nassau County, Turco v. Union Free School District Number Four, 43 Misc.2d 367, 251 N.Y.S.2d 141 (1964), aff'd, 22 A.D.2d 1018, 256 N.Y.S.2d 553 (A.D.2d Dep't 1964), appeal dismissed, 15 N.Y.2d 967 (1965).

These distinctions drawn by the legislature of the State in § 2012 of the New York Education Law are so clearly reasonable and plaintiff's claim so obviously without merit, that it can only be characterized as frivolous. The court, therefore, lacks jurisdiction. Ex parte Poresky, supra.

Plaintiff's motion to convene a three-judge court is denied. Defendants' motion to dismiss the complaint is granted. Settle an order consistent herewith on or before ten (10) days from the date hereof.