Demetrio P. **RODRIGUEZ** et al.

v.

**SAN ANTONIO INDEPENDENT SCHOOL DISTRICT** et al.

Civ. A. No. 68–175–SA.

United States District Court
W. D. Texas,
San Antonio Division.
May 12, 1969.

Arthur Gochman, San Antonio, Tex., Carl Rachlin, New York City, for plaintiffs.

Hobart Huson, Jr., Raul Rivera, William P. Dobbins, Guy Bonham, A. V. Knight, John R. Locke, Jr., Ralph Langley, San Antonio, Tex., Pat Bailey, Austin, Tex., for defendants.

Before GOLDBERG, Circuit Judge, SPEARS, Chief Judge, and ROBERTS, District Judge.

SPEARS, Chief Judge:

The threshold question is whether or not this case is one which should be heard by a three-judge court. Our answer is in the negative.

This is a suit by Mexican-American residents of the Edgewood Independent School District in Bexar County, Texas, against all the school districts in the San Antonio Metropolitan Area, wherein it is contended that the Texas system (Title 49, Vernon's Annotated Texas Statutes) allowing each independent school district to collect taxes for use exclusively within that particular school district, violates the constitutional right of children in the poorer districts to an "equal education". The Attorney General of Texas and the ' ninal District Attorney of Bexar County, Texas have been made parties to this cause, and an order is sought restraining them in the enforcement or execution of the statutes involved.

We agree with plaintiffs that the statutes here under attack apply gen-

erally in Texas to all school boards of the type described, and, therefore, are of general and statewide application. *See* Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967), and Sailors v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967). However, plaintiffs have failed to demonstrate that the Attorney General of Texas, by virtue of his office, has any connection with the enforcement of these statutes. In this connection, it is clear that the powers and duties of the Attorney General are limited to those prescribed by the Constitution and statutes of Texas, and may not be enlarged by the courts. Garcia v. Laughlin, 155 Tex. 261, 285 S.W.2d 191 (Sup.Ct.Tex.1955). Further, plaintiffs have not shown that the Criminal District Attorney of Bexar County, Texas has any connection with the enforcement of such statutes.

In no three-judge case to which we have been cited, or which we have examined, has a suit of this nature been brought against a school district alone. On the contrary, in every instance, state officers, or local officers performing a statewide function, and having some connection with the enforcement or execution of the statutes under attack, have been joined as parties. For example, in Kramer v. Union Free School District No. 15, 379 F.2d 491 (2nd Cir. 1967), 282 F.Supp. 70 (E.D.N.Y.1968), 259 F. Supp. 164 (E.D.N.Y.1966), the members of the Board of Education of the school district were sued. In McInnis v. Shapiro, 293 F.Supp. 327 (N.D.Ill.1968), affirmed by Supreme Court, 394 U.S. 322, 89 S.Ct. 1197, 22 L.Ed.2d 308 (March 25, 1969), Douglas Independent School District No. 3 v. Jorgenson, 293 F.Supp. 849 (D.S.D.1968), and Hergenreter v. Hayden, 295 F.Supp. 251 (D. Kan.1968), certain state officers were apparently considered proper parties under the applicable laws of those states.

Originally, the writer of this opinion, as the presiding judge before whom the proceedings are pending, was reluctant to request the Chief Judge of the Circuit to convene a three-judge court, but on January 10, 1969, in light of Jackson v. Choate, 404 F.2d 910, decided by the Fifth Circuit on November 29, 1968, the designation of a three-judge court was requested, and the panel was designated on January 16, 1969, in an order by Chief Judge John R. Brown, which provided, among other things, that:

"This designation and composition of the 3-Judge Court is not a prejudgment, express or implied, as to whether this is properly a case for a 3-Judge rather than a one-Judge Court. This is a matter best determined by the 3-Judge Court as this enables a simultaneous appeal to the Court of Appeals and to the Supreme Court without the delay, awkwardness, and administrative insufficiency of a proceeding by way of mandamus from either the Court of Appeals, the Supreme Court, or both, directed against the Chief Judge of the Circuit, the presiding District Judge, or both. The parties will be afforded the opportunity to brief and argue all such questions before the 3-Judge panel either preliminarily or on the trial of the merits, or otherwise, as that Court thinks appropriate."

■■ In view of the fact that the issue relating to the propriety of having three judges try this cause "can readily be determined on briefs without the judges physically assembling in one place to convene a court session formally", Jackson v. Choate, supra, at 913, we conclude, without a formal court session, that, in the present posture of this case, this is a one-judge, not a three-judge matter. As a consequence, this cause is remanded to the presiding judge, who will initially decide the case on its merits; provided, however, that since the parties have requested oral argument on pending motions, and the credibility of witnesses might very well be an issue at the trial on the merits, all members of this panel, in order to keep themselves fully informed, will assemble in one place to convene court formally at such time(s) as shall be necessary to hear all oral arguments to

be submitted, and to try this case on its merits. The judgment of the presiding judge "will become final upon the joinder, by concurrence or dissent, of the other members of the panel. An appeal thereafter will also bring into review the correctness of our order of remand. But, in any event, no matter which way the appellate review goes, whether to the Circuit Court, or ultimately directly to the Supreme Court, the entire case will be before the appellate court for decision". *See* Rodriguez v. Brown, 299 F.Supp. 479 (W.D.Tex. May 12, 1969).

Of course, should the Court subsequently find that there has been full compliance with the requirements of Title 28 U.S.C. § 2281,[1] all hearings will be considered as having been conducted before the full panel sitting as a three-judge court.

The Clerk of this Court is directed to continue to supply the members of this panel with copies of all papers filed, including pleadings, briefs, transcripts, etc.

It is so ordered.

---

1. We recognize that the purpose of Section 2281 is "to prevent a single federal judge from being able to paralyze totally the operation of an entire regulatory scheme * * * by issuance of a broad injunctive order". Kennedy v. Mendoza-

Martinez, 372 U.S. 144, 154, 83 S.Ct. 554, 560, 9 L.Ed.2d 644 (1963). See also Moody v. Flowers, supra 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967).