■ In the Matter of ROBERT L. SCHULZ et al., Appellants, v VIRGINIA GALGANO et al., Respondents. [637 NYS2d 797] —In a hybrid action/proceeding, *inter alia,* to nullify a resolution of the Middle Country Central School District Board of Education, the petitioners/plaintiffs appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated December 10, 1993, which, *inter alia,* denied the petitioners/plaintiffs' motion for a preliminary injunction and dismissed the petition/complaint on the ground that the court lacked jurisdiction to entertain the matter.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that all disputes concerning the validity of a school district meeting and the actions of its officers are within the exclusive original jurisdiction of the Commissioner of Education (see, Education Law § 2037; Summerville v Roosevelt Union Free School Dist., 128 AD2d 769; Turco v Union Free School District No. 4, 22 AD2d 1018; Buchko v Board of Educ., 43 Misc 2d 43; Matter of Pacos v Hunter, 14 AD2d 990). The language of Education Law § 2037 is mandatory in nature and precludes recourse to the court, until review by the Commissioner is complete (see, Matter of Schulz v State of New York, 86 NY2d 225, 231; Matter of French v Pospisil, 39 Misc 2d 126, 127). Moreover, the Commissioner of Education has jurisdiction over disputes concerning the validity of school district meetings and the acts of its officers, notwithstanding that the construction or application of a statute may be involved (see, Matter of Gray v Board of Educ., 5 AD2d 716). The Court of Appeals has held that the fact that the determination involves the construction or application of statutes as well as questions of fact does not deprive the Commissioner of jurisdiction (see, Matter of Levitch v Board of Educ., 243 NY 373).

We conclude that the Supreme Court properly determined that it was without jurisdiction to entertain this proceeding/action to review the validity of the action of the defendant/respondent in adopting the resolution challenged by the appellants (see, Summerville v Roosevelt Union Free School Dist., 128 AD2d 769, supra; Turco v Union Free School Dist. No. 4, 43 Misc 2d 367, affd 22 AD2d 1018, supra). Nothing has been introduced to exclude the instant matter from the statutory restrictions of Education Law § 2037 and the appellants' application for relief should have been initially addressed to the Commissioner of Education.

The appellants' remaining contentions are also without merit. Mangano, P. J., Copertino, Joy and Altman, JJ., concur.