Catherine **PIERCE** et al., Plaintiffs,
and
Gerard T. Butler, Richard B. Smith, Alfred Weiss and Robert Flood, Intervening Plaintiffs,
v.
The **VILLAGE OF OSSINING** et al., Defendants.

No. 68 Civ. 4150.

United States District Court
S. D. New York.
Nov. 1, 1968.

The Legal Aid Society of Westchester County, White Plains, N. Y., for plaintiffs; Bernard Clyne, Norman B. Lichtenstein, Beatrice Rothman, Antone G. Singsen, III, White Plains, N. Y., of counsel.

Andrew J. Fiore, Corporation Counsel, Pleasantville, N. Y., for Village of Ossining.

Louis J. Lefkowitz, Atty. Gen. of State of New York, for intervenor-defendant State of New York; Joel Lewittes, Asst. Atty. Gen., of counsel.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for intervening plaintiffs and Ossining Chamber of Commerce, amicus curiae; Martin London, New York City, of counsel.

Before FEINBERG, Circuit Judge, McGOHEY and WYATT, District Judges.

PER CURIAM:

This is an application by seven plaintiffs for injunctive and other relief against enforcement of a state statute, section 4–402(b) of the Village Law of New York, McKinney's Consol.Laws, c. 64. The court sits as a statutory three-judge district court under 28 U.S.C. §§ 2281 and 2284. For reasons given below, we grant the preliminary injunctive relief sought.

The three original plaintiffs, Catherine Pierce, George Sarah Taylor and William Taylor, and the four intervening plaintiffs, Gerard T. Butler, Richard B. Smith, Alfred Weiss and Robert Flood, are adult residents of the Village of Ossining in Westchester County in the Southern District of New York. They are all duly registered voters in the State of New York eligible to vote in the general election to be held on November 5, 1968. Defendants are the Village of Ossining of the State of New York, the Board of Trustees of the Village, John G. Donzella, the Mayor of the Village, and William H. Brown, Jr., Timothy L. Cronin, Jr., John A. Leslie and Herman J. Lips, trustees of the Village. Intervening defendant is the State of New York. The Ossining Chamber of Commerce has filed an amicus brief in support of plaintiffs.

According to the papers before us, including stipulations of fact, and the record of the hearing held on October 31, the following are the pertinent facts: A number of residents of Ossining presented to the Board of Trustees of the Village a petition asking that a proposition be submitted to the voters of the Village; the proposition was for a change in village government from a mayoral system to a village manager

system; on August 20, 1968, the Village trustees voted to submit the proposition to the voters at the annual Village election, to be held this year on the date of the general election, i. e., on November 5, 1968; and the trustees of the Village will apply to the Village election the provisions of section 4–402(b) of the Village Law of New York that to be able to vote on the proposition a person must "be an owner of property in the village assessed upon the last preceding assessment-roll thereof." Three of the plaintiffs have been residents of the Village of Ossining for over forty-five years, and at least one of the remaining plaintiffs has been a resident of the Village for five years. However, none of the plaintiffs owns property assessed on the last village assessment roll although some of them do own cooperative apartments in the Village.

■ Plaintiffs claim that section 4–402(b) of the Village Law is unconstitutional, depriving them of the equal protection of the laws (fourteenth amendment) because it denies plaintiffs the right to vote by a classification—property ownership—which is arbitrary and has no reasonable relation to proper qualifications for voting. The complaint seeks a preliminary injunction against enforcing section 4–402(b) in the Village election to be held on November 5, 1968; a permanent injunction against any enforcement at any time of section 4–402(b); and a declaratory judgment that section 4–402(b) is unconstitutional.

It is noteworthy that the chief arguments presented on behalf of defendants go not to the constitutionality of section 4–402(b) but to various considerations which might lead a court to withhold equitable relief. This reluctance to defend section 4–402(b) on its merits is understandable. The Attorney General of the State of New York is reported to have recommended legislation which would repeal such legislation as section 4–402(b); at least in part the recommendation was because of the doubtful constitutionality of property ownership

qualifications for voting or holding office. New York Law Journal, Jan. 19, 1968, page 1. Moreover, we think it clear that under such decisions as Harper v. Virginia Board of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966); Carrington v. Rash, 380 U. S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965), and Landes v. Town of North Hempstead, 20 N.Y.2d 417, 284 N.Y.S.2d 441, 231 N.E.2d 120 (1967), section 4–402(b) denies to plaintiffs the equal protection of the laws. The proposition on which plaintiffs have been excluded from voting would work a fundamental change in the village government where they live. Whether that change should be made affects all who live in the Village so that denying the franchise to those who do not own real property is an invidious discrimination.

The effect of that discrimination on this case is startling. The Village of Ossining has approximately 22,300 residents: of these, some 9,840 are registered to vote in the coming election. A substantial part of these voters, however, live in apartment buildings and thus do not meet the requirement of section 4–402(b) that their names appear on the assessment rolls. In one election district, district 22, which contains ten per cent of the electorate, apparently very few, if any, of the voters would be qualified to vote on the proposition. And in the Village as a whole, there are only apparently 4,500 registered voters whose names also appear on the property assessment rolls. Thus, the effect of section 4–402(b) would be to disqualify approximately 55 per cent of all the voters of the Village.

■ In opposition to the application, it is urged that plaintiffs may have relief in the courts of New York. This is indeed true and we feel that such applications as this should be made to a forum which has shown itself sensitive to the constitutional rights asserted here. E. g., Landes v. Town of North Hempstead, supra. We regret, of course, the necessity of holding a state statute unconstitutional. However, as we construe

the applicable decisions, the proper course for us is to rule on the issues before us on the merits, rather than to refer plaintiffs to the state courts. E. g., Zwickler v. Koota, 389 U.S. 241, 88 S. Ct. 391, 19 L.Ed.2d 444 (1967); Holmes v. New York City Housing Authority, 398 F.2d 262 (2d Cir. 1968).

It is also urged that only a local law, not a state statute, is involved and that a three-judge court should not deal with "local ordinances or resolutions." Moody v. Flowers, 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). The argument is based on the fact that the petition which initiated the proposition to be voted on in the Village election was submitted and accepted under section 23 of the Charter of the Village of Ossining. However, the property qualification for voting on that proposition is not found in the Village Charter but in section 4–402(b) of the Village Law, a state statute which "applies generally" to all village elections upon propositions. Sailors v. Board of Educ., 387 U.S. 105, 107, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967).

At the hearing before this court, plaintiffs made clear that the primary relief they sought was enjoining the operation of section 4–402(b) rather than halting the election. For the reasons stated above, we conclude that plaintiffs are entitled to such an injunction. Because of the imminence of the election, the court explored with the parties in open court the question whether it was feasible and advisable to hold the election in such a way that it would not be necessary to have another election regardless of the outcome of the decision of this court or of a reviewing court. Thus, the possibility was explored of using different color paper ballots to facilitate separation of ballots between those who appear on the assessment rolls and those who do not. However, the attorney for the local officials of Ossining maintained that consideration of expense and manpower would make it impracticable to do so. We have concluded that it is not our province to decide that issue.

We enjoin the operation of section 4–402(b) so that all who wish to vote on the proposition in the presently scheduled election may do so. We leave it to defendants to decide whether to provide for separation of ballots in an appropriate way or to seek whatever other relief they may wish. We do no more than enjoin the operation of an unconstitutional statute in the Village election.

The above incorporates findings of fact and conclusions of law. The application for a preliminary injunction is granted.

So ordered.