Mario Pittoni, J.
Application by the Village Clerk on behalf of the Village of Lynbrook for an order declaring that a petition for a referendum filed with the Village Clerk on December 24,1968 respecting the resolution adopted on November 25, 1968 by the Board of Trustees of the Village to be insufficient and invalid is granted.
First, assuming the validity of all the 1,129 signatures on the contested December, 1968 petition, those signatures do not constitute the necessary 10% of the qualified electors of a first class village, as required by section 139-a of the Village Law. I take judicial notice that Lynbrook is a first class village and that the official records of the Nassau County Board of Elections establish that the number of qualified registered voters in the Village of Lynbrook is now 12,544. Therefore, the contested December, 1968 petition, with only 1,129 signatures, falls short of the required 10%, which would be 1,254 signatures.
The contention that the required number of signatures should be 10% of owners “ of property in the village assessed upon the last preceding assessment-roll thereof” pursuant to subdivision b of section 4 — 402 of the Village Law, is invalid. That section is unconstitutional and void (Pierce v. Village of Ossining, 292 F. Supp. 113; also Harper v. Virginia Bd. of Elections, 383 U. S. 663; Carrington v. Rash, 380 U. S. 89; Landes v. Town of North Hempstead, 20 N Y 2d 417).
Second, the contested petitions are fatally defective. The provisions of the Election Law apply here (Village Law, §§ 4-460, 139-a) and these petitions do not conform with section 135 of the Election Law. They are unsigned by the witnesses to the petitioners ’ signatures; the bottom of the petitions look like mere “ acknowledgments ” by the witnesses, before a notary public, of unsigned or unsubscribed petitions. In no way do they conform substantially or otherwise with the requirements of section 135 of the Election Law. There are other failures to comply with section 135, such as unnumbered sheets, improper preambles, etc. All these defects add up to a fatally defective petition (Matter of Maurin v. Allis, 28 A D 2d 810, affd. 20 N Y 2d 671; Matter of Bloom v. Power, 21 Misc 2d 885, affd. 9 A D 2d 626). As Mr. Justice Gulotta stated in Matter of Ransburg v. Putterman, 35 Misc 2d 653, *248 656: “the court is powerless to relieve a candidate from the consequences of such errors.”
The December, 1968 petition for a referendum on the bond resolution of the Village Board, dated November 25, 1968, is insufficient, invalid and void.