Michael M. D’Auria, J.
This is an action to declare section 213 of the Town Law, insofar as it prevents the plaintiff from qualifying as a voter, to be unconstitutional.
The facts, as they were stipulated to and as received by the court on March 7, 1969, are that the defendants constitute the Board of 'Commissioners of the Oreat Neck Park District, which is a municipal corporation and presently exists under and by virtue of articles 12-A and 13 of the Town Law. The defendant Park District is an “ improvement district ” pursuant to section 209-a of the Town Law. The plaintiff resides in an apartment within the confines of the defendant Park District, under the terms and provisions of a lease agreement with the owner of the apartment house. The plaintiff presented himself at a regular election of the district for the purpose of electing a Commissioner of the district on December 5, 1965 and was refused permission to vote by the Board of Inspectors of Election upon the ground that he was not a qualified elector of the town, inasmuch as he was not the owner of the real property, as is required by the provisions of section 213 of the Town Law of the State of New York.
That statute provides that “No person shall be entitled to vote for improvement district commissioners unless he or she is * * # the owner of property within such district assessed upon the last preceding town assessment roll.” The plaintiff, as a lessee of an apartment within the defendant Park District is, of course, not the owner of property within the meaning of section 213 of the Town Law. He contends, however, that the requirement of property ownership, which disqualifies him as a voter in this case, is unconstitutional.
The defendant points out that ‘1 improvement districts ’ ’ were created in order to provide certain services to the residents of that district, but that it is the property owner who, by the levying of taxes against his real estate, bears the cost of such services. The defendant argues, therefore, that it is not unreasonable to leave the administration of the affairs of such districts to the property owners within the district. Spitzer v. Village of Fulton (172 N. Y. 285) seems to support the defendant’s position. In that case, the validity of a statute, establishing the qualifications of a voter, was also in issue. A more recent pronouncement by our Court of Appeals, however, casts serious doubt upon the validity of such legislation (cf. Landes v. Town of North Hempstead, 20 N Y 2d 417).
The better view, in the court’s opinion, is that the statute in question, insofar as it prevents the plaintiff from qualifying as *845 a voter in an election for Improvement District Commissioners, denies to the plaintiff the equal protection of the laws (Pierce v. Village of Ossining, 292 F. Supp. 113). Accordingly, the court finds that that portion of section 213 of the Town Law of the State of New York, which requires that persons who seek to vote for Improvement District Commissioners must be owners of real property, is unconstitutional. The defendants will, therefore, be enjoined from enforcing that particular provision of section 213 of the Town Law at the next such election, or any succeeding election thereafter.