Joseph Liff, J.
In this proceeding pursuant to article 78 of the CPLR, the motion of the respondents to dismiss the petition pursuant to CPLR 7804 (subd. [f]) is denied and judgment granted in favor of the petitioner to the extent of declaring that he, a citizen of the United States, over the age of 21, and a resident of Sanitary District No. 6 but not a property -owner, should have been allowed to vote in the election held on August 15,1969.
The motion of the respondents is denied because the commencement of a proceeding pursuant to article 78 of the CPLR *860 rather than an action for a declaratory judgment no longer warrants a dismissal (CPLR 103, subd. [c]; Matter of Phalen v. Theatrical Protective Union, 22 N Y 2d 34, 41; Matter of Corbeau Constr. Corp., 32 A D 2d 958) if the petitioner is entitled to relief. The authorities: Landes v. Town of North Hempstead (20 N Y 2d 417); Lippe v. Jones (59 Misc 2d 843); and Kramer v. Union Free School List. (395 U. S. 621) all hold that a nonproperty owner may not be barred from voting or seeking office on that ground alone. Therefore, it must be held that subdivision c of section 202.0 of the Nassau County Civil Divisions Act (L. 1939, ch. 273, as amd.), insofar as it restricts the voting privileges to those otherwise qualified citizens “ who were assessed for real property within the district on the last preceding county assessment roll ” is unconstitutional and therefore unenforceable.
In view of the fact that the petitioner has withdrawn his request for all other relief and that the court is treating this application as one for a declaratory judgment rather than an article 78 proceeding and since there is no other issue of fact or law to be decided, it is unnecessary to withhold judgment.