William J. IRISH et al., Plaintiffs-Appellants,

v.

DEMOCRATIC–FARMER–LABOR PARTY OF MINNESOTA et al.,
Defendants-Appellees.

No. 19412.

United States Court of Appeals
Eighth Circuit.

Aug. 13, 1968.

Hyman H. Cohen, St. Paul, Minn., for appellants; Gordon C. Moosbrugger, Michael J. Healy, Kenneth E. Tilsen, and John F. Niemeyer, St. Paul, Minn., on the brief.

John D. French, Minneapolis, Minn., for appellees; Lawrence D. Cohen, St. Paul, Minn., David L. Graven, John P. Karalis, and Jonathan Lebedoff, Minneapolis, Minn., on the brief.

Leonid Hurwicz pro se as a nonadverse appellee.

Before VAN OOSTERHOUT, Chief Judge, and VOGEL and BLACKMUN, Circuit Judges.

PER CURIAM.

The plaintiffs-appellants here complain that the process of selection of delegates from Minnesota to the 1968 National Democratic Convention has violated the one man-one vote principle enunciated in Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963), Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968), and many other cases. Judge Neville in a detailed opinion has denied relief and dismissed the complaint on the merits. 287 F.Supp. 794 (D.Minn.1968). Because of the shortage of time and the fact that the National Convention officially begins on August 26, 1968, we have expedited the appeal, have set the matter for hearing at St. Paul, Minnesota, on August 13, 1968, have heard arguments on that day and have made our decision forthwith.

No Minnesota statute is under attack. Chapter 202 of M.S.A. concerns primary elections and nominations and certain sections of that chapter, namely, §§ 202.-20 to 202.27, inclusive, relate to a political party's state convention and precinct caucuses. It is conceded, however, that the 1968 Democratic-Farmer-Labor precinct caucuses in Minnesota, as statutori-

ly authorized and actually conducted, honored the one man-one vote principle. Thus, no challenge is made to the selection at the precinct caucuses of delegates to the DFL county conventions. It is beyond the precinct caucus, namely, at the levels of the county, district and state conventions where actions resulting in malapportionment are alleged to have taken place.

■ The courts, generally and consistently, have been reluctant to interfere with the internal operations of a political party. Lynch v. Torquato, 343 F.2d 370 (3 Cir. 1965); Democratic-Farmer-Labor State Central Committee v. Holm, 227 Minn. 52, 33 N.W.2d 831, 833 (1948). In our opinion this attitude of non-interference is an appropriate starting point. We recognize, however, that the Supreme Court and other tribunals, in cases having racial factors, have in fact, on constitutional principles, thwarted invidious discrimination in party primaries and in other political maneuvers. Smith v. Allwright, 321 U. S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944), and Terry v. Adams, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953), are examples of this. There is nothing here, however, with racial overtones or anything akin thereto. What is complained of here and now is something which permeates party operations from the constitutionally prescribed Electoral College down to, but not including, the precinct caucus level in Minnesota.

There are many obstacles for these plaintiffs to overcome before this court may conclude that the relief they request is proper. We need not pass upon the question of standing which has been conceded by the defense. We are willing to assume that these plaintiffs have standing. Neither do we choose to decide this case on the asserted issue of laches.

■ We hold simply that there is nothing of constitutional significance in the alleged malapportionment here above the precinct caucus level. What was done at the precinct level was in full accord with the one man-one vote principle. What took place thereafter was not the product of malapportionment among the people as the electorate. See Sailors v. Board of Educ., 387 U.S. 105, particularly footnote 6 on p. 109, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967); Fortson v. Morris, 385 U.S. 230, 87 S.Ct. 446, 17 L.Ed. 2d 330 (1966). Any element of malapportionment which may exist has come about by action of the properly elected precinct delegates to the county conventions and by action in the party structure after the county conventions. We do not extend the one man-one vote principle beyond the popular electorate and to decisions of those so properly elected; at least, we do not do so upon the facts present in this case. Any such action taken by a court would, we conclude, improperly interfere with the exercise of power vested in the elected county convention delegates. This is no less true with respect to a political party structure than it is with other elected officials.

At oral argument before us, the plaintiffs indicated that the time was too short for the calling of new county, district and state conventions. Instead, they pivoted their request for relief on a reallocation of votes among the delegates to the National Convention. Despite this almost imperative concession, we note that in cases of this kind there are substantial and almost insurmountable problems with respect to remedy which would arise were we to favor the position of the plaintiffs here. These relate to the nature of the relief to be granted, the ensuing necessity of close court supervision, and the realization that, in any event, any remedy we might attempt to fashion might well not effectuate numerical equality ultimately anyway. One significant guideline fact is that in the many reapportionment cases the courts have never moved in hastily. Instead, the attitude has been one of reluctance and of willingness to have the challenged body initially given the opportunity to attempt to reorganize itself.

■ Finally, we regard this case as presenting and as possessing a non-justiciable political question within the definition enunciated in the majority opinion in Baker v. Carr, 369 U.S. 186, 187, 217, 226, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Certainly we have here "a lack of judicially discoverable and manageable standards". Perhaps we also have "the impossibility of a court's undertaking independent resolution without expressing lack of respect due coordinate branches of government".

We were advised at oral argument that the issues raised by the plaintiffs-appellants are the subject of a formal challenge lodged within the time allowed by party rule with the Credentials Committee of the Democratic National Convention.

Judge Neville's decision is affirmed. This affirmation, as is apparent from what we have said hereinabove, is primarily on the basis of the opinion so carefully prepared by the trial judge.