Robert **MURPHY** et al., Plaintiffs,

v.

Delton **HOUTCHENS**, Chairman, Missouri State Democratic Committee, et al., Defendants.

No. 72 C 304(1).

United States District Court, E. D. Missouri, E. D.

May 23, 1972.

Samuel H. Liberman, Raymond F. Buckley, Jr., St. Louis, Mo., for plaintiffs.

R. J. Slater, Padberg, Raack, McSweeney & Slater, St. Louis, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This is a suit for injunctive relief under 42 U.S.C. §§ 1983 and 1988 and declaratory relief under 28 U.S.C. § 2201. Plaintiffs contend that various irregularities took place at the Democratic meetings for the Townships of Lewis and Clark and Spanish Lake. Plaintiffs seek to enjoin the Ninth Congressional District Democratic meeting scheduled for May 23, 1972, and the State Democratic Convention set for June 10, 1972, until new meetings can be held for these townships.

The suit was filed on May 15, 1972. A hearing to determine whether injunctive relief would issue was set for May 22, 1972, and on May 18, 1972, Tim Coughlin was appointed as special attorney to serve notice upon the various defendants.

At this hearing, in which plaintiffs presented all their evidence, it was established that the Lewis and Clark Township meeting was convened on April 18, 1972. Fifteen delegates to the Ninth District Convention were nominated, and nine delegates were elected. The majority candidates received approximately one hundred and seven votes and the minority candidates received approximately sixty-two votes. Plaintiff Murphy testified that he helped count the ballots and that no irregularities occurred in the counting. Dissatisfied with the procedures used at this meet-

ing, approximately fifteen to thirty people held a caucus during the recess and elected their own delegates. This was not recognized by the permanent Chairman. The following irregularities were shown at the Lewis and Clark mass meeting: (1) there was not a division vote on the election of the permanent chairman, it was done by voice vote; and (2) there was not a division vote on the closing of nominations, it was done by voice vote.

With respect to the mass meetings at Spanish Lake Township, the evidence reveals that on April 18, 1972, twelve or thirteen persons were nominated for delegates. A slate of eight delegates was elected. Plaintiffs had a caucus and selected their own delegates in the parking lot. The mass meeting was protested to the State Democratic Committee by the plaintiffs' group and a new meeting was called. This second meeting was held April 27, 1972. A permanent Chairman was elected by count of one hundred and ninety-seven votes to seventy-nine. The majority delegates were elected by approximately two hundred and fifty votes, while the minority delegates received seventy votes. One of the witnesses for plaintiff participated in and certified that this count was proper. The following irregularities were shown at the April 27th meeting: (1) the challenges made by plaintiffs' group to persons attending the meeting were not followed up by the Chairman as requested during the meeting. The Chairman requested that the challenges be made in writing at the end of the meeting; and (2) some persons qualified were not admitted to the meeting and some persons were admitted who were believed not to be qualified.

It is to be noted that plaintiffs have filed protests in the Democratic State Convention and the Democratic National Convention.

■ This Court assumes that it has jurisdiction over the subject matter of this suit under Title 28 U.S.C. § 1343 and Title 42 U.S.C. § 1983. See: State of Georgia v. National Democratic Party, 145 U.S.App.D.C. 102, 447 F.2d 1271 (1971), cert. den. 404 U.S. 858, 92 S.Ct. 109, 30 L.Ed.2d 101 (1971); Irish v. Democratic-Farmer-Labor Party of Minnesota, 399 F.2d 119 (8th Cir. 1968); Maxey v. Washington State Democratic Committee, 319 F.Supp. 673 (W.D. Wash.1970).

■ The record reveals that although defendants (except for Houtchens) were served with a copy of the complaint and summons to appear and answer, they were not served with notice of the hearing on May 22, 1972. The Congressional District meeting sought to be enjoined is scheduled for May 23, 1972, to elect one hundred and fifteen delegates. In order to constitute a denial of equal protection of the law, there must be an intentional or purposeful discrimination. A discriminatory purpose is not presumed. There must be a showing of "a clear and intentional discrimination". Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1943); Powell v. Power, 320 F.Supp. 618 (S.D.N.Y.1970), affirmed 436 F.2d 84 (2d Cir. 1970); Shock v. Tester, 405 F.2d 852 (8th Cir. 1969), cert. den. 394 U.S. 1020, 89 S.Ct. 1641, 23 L.Ed.2d 45 (1969), reh. den. 395 U.S. 941, 89 S.Ct. 2004, 23 L.Ed.2d 460 (1969). This, the plaintiffs have failed to do. Plaintiffs have made no showing of fraud or intentional and purposeful discrimination. At best, they have shown mere procedural irregularities. Furthermore, plaintiffs have failed to establish that the results of the selection of delegates would have been different even without any irregularities.

This Court further finds that no relief is justified in this cause due to plaintiffs' gross laches in instituting this suit. Plaintiffs attempt to enjoin the Democratic caucus set for 1:00 p. m., on May 23, 1972. The irregularities complained of occurred on April 18 and April 27, 1972, yet plaintiffs waited until May 15, 1972, to file suit. Defendants were never served with notice of the hearing set for May 22, 1972. This

Court finds that plaintiffs' delay in bringing this suit is excessive and unjustified. Plaintiffs had more than adequate time before the District meeting in which to file suit in order that a complete hearing could have been had.

This Court would further deny plaintiffs' request on the grounds that after balancing the equities, it is the opinion of this Court that under these circumstances it would be inequitable to set aside the Congressional caucus and State Democratic Convention until new mass meetings can be held.