**Charles R. MILLER et al., Plaintiffs,**

v.

**Joseph W. BARTUNEK et al., Defendants.**

**Civ. A. No. C 72-587.**

United States District Court, N. D. Ohio, E. D.

Sept. 22, 1972.

Charles R. Miller, Benjamin B. Sheerer, Lawrence Tucker, Stanley E. Stein, Richard A. Ruppert, Edwin S. Weiner, Cleveland, Ohio, for plaintiffs.

William F. Snyder, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

CONTIE, District Judge.

The relevant facts of this case are as follows: On May 2, 1972, plaintiffs were elected to the Central Committee of the Democratic Party of Cuyahoga County. Plaintiff Miller was a candidate for the Office of Chairman of said committee and campaigned as such. Before May 13 defendant Corrigan as Chairman of the party Executive Committee approved the mailing of an agenda and proposed constitution to the committeemen. The convention was held and called to order May 20, 1972 by retiring chairman Bartunek, defendant in this action. Bartunek was then nominated and elected temporary chairman.

Following this election the first order of business consisted of a motion by Mr. Turk, which motion was specifically:

"Be it resolved that this convention of the Cuyahoga County Democratic Central Committee adopt as a rule of this convention here assembled the establishment of the following order of business:

1. The election of three persons to act as chairmen of the Central Committee of the Cuyahoga County Democratic Party.

2. The election of a vice-chairman, a secretary and a treasurer.

3. The consideration of a constitution for the Democratic Party of Cuyahoga County."

Said resolution was seconded and adopted. This resolution was determined by defendant Bartunek to take precedence over the agenda that was set forth and mailed earlier. Next defendants Garofoli, Corrigan and Stokes were nominated to fill the positions of party chairmen. Plaintiff Miller's nomination was declared out of order as the Chair had determined that the resolution adopted as the first order of business by the Committee precluded entirely any single nomination for the office of chairman. No other nominations were made, and defendant Bartunek declared that Garofoli, Corrigan and Stokes were elected. Thereafter the instant lawsuit was filed and a hearing was held upon the Motion for Preliminary Injunction. The parties agreed, and the court ordered, that pursuant to Rule 65 of the Federal Rules of Civil Procedure the matter would be consolidated with a trial on the merits.

### DISCUSSION

The following shall constitute this court's findings of fact and conclusions of law, according to Federal Rules of Civil Procedure, Rule 52(a).

The court in this decision in no way intends to enter the sphere of the internal politics or rule making of the Cuyahoga County Democratic Party. This court addresses itself specifically and solely to the question of the infringement of the federal rights of the plaintiffs.

When the actions of a political party which is partially responsible for the maintenance of the essential elements of the electoral process are conducted in such a manner so as to deny a person basic rights incorporated in the democratic process, specifically the right to run for public office and the right to vote for the candidate of one's choice, a judicial remedy must be available to such aggrieved party.

The court again notes that it does not concern itself with the internal affairs of the Cuyahoga County Democratic Party. This court makes no determination as to the meeting held by some committeemen on the evening of May 19 and the morning of May 20th, the method of voting at the convention, or the composition of the office of chairman, as these are, in the interpretation of the court, internal affairs and are not, therefore, properly before this court.

This court does, however, concern itself with the application of federally protected rights which results in the denial to a citizen of the right to run for office and in the ancillary right to vote for the candidate of one's choice.

This court, by its ruling of June 27, 1972, took jurisdiction of this case and therein refused the motion of defendants to dismiss. We affirm this holding and make the memorandum accepting jurisdiction a part of this record. In support of this finding we note that:

1. The office of chairman of a county central committee of a political party is a public office within the meaning of Ohio Revised Code, Section 2733.-01. State ex rel. McCurdy v. DeMaioribus, 9 Ohio App.2d 280, 224 N.E. 2d 353 (1967).

2. Plaintiff Miller did run for the public office of chairman of the Cuyahoga County Democratic Party.

3. Plaintiff Miller was prevented from being nominated to said position.

4. Plaintiff Miller had a right to run for office.

5. Plaintiff Miller's nomination was tendered but not received by the chairman pro tem.

## CONCLUSIONS OF LAW

■ The right to be a candidate and the cognate right to vote for the candidate of one's choice are now clearly held to be within the protection of the First and Fourteenth Amendments of the United States Constitution. Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L. Ed.2d 24 (1968).

The Supreme Court has said in the case of Reynolds v. Sims, 377 U.S. 533 at 565, 84 S.Ct. 1362 at 1383, 12 L.Ed.2d 506 (1964) that:

" . . . representative government is in essence self-government through the medium of elected representatives of the people, and each and every citizen has an inalienable right to full and effective participation in the political process."

This court agrees with the rationale of these cases and holds that the evidence in the instant case supports the finding that the allegations pose issues which are related to federally protected rights.

Defendants rely upon the case of O'Brien et al. v. Brown, et al., 409 U.S. 1, 92 S.Ct. 2718, 34 L.Ed.2d 1 (1972) and state that this court should deny jurisdiction of the instant case on its authority.

The Supreme Court in the O'Brien case stated that:

"The petitions for certiorari present novel questions of importance to the immediate litigants and to the political system under which national political parties nominate candidates for office and vote on their policies and programs. The particular actions of the Credentials Committee on which the Court of Appeals has ruled are recommendations that have yet to be submitted to the National Convention of the Democratic Party. Absent judicial intervention, the Convention could decide to accept or reject, or accept with modification the proposals of its Credentials Committee.

This court is now asked to review these novel and important questions and to resolve them within the remaining days prior to the opening sessions of the convention now scheduled to be convened Monday, July 10, 1972.

The Court concludes it cannot in this limited time give to these issues the consideration warranted for final decision on the merits; we therefore take no action on the petitions for certiorari at this time."

Thus, the Supreme Court found significant the fact that the recommendations of the Credentials Committee had not yet been submitted to the National Convention, and the Convention could have decided to accept or reject or accept with modification the proposals of said Credentials Committee. In the instant case, the actions of the defendants have already been submitted and ratified by the Committeemen of the Cuyahoga County Democratic Party. This court, therefore, finds the instant case distinguishable upon this factual ground.

This court also notes that the Supreme Court decision of O'Brien et al., supra, is distinguishable on other material grounds. The O'Brien case involved internal regulations of the Credentials Committee of the National Democratic Party and had the Supreme Court taken jurisdiction it would have necessitated a judicial review of the rules made by the 1968 Democratic National Convention in regards to the seating of delegates. The basic issue in the O'Brien case was the seating of said delegates in the National Convention. The instant case presents a much more basic issue, that of the federally protected right to run and be nominated for a public office and the

right to vote for the candidate of one's choice. In the instant case the allegations are that these rights have been infringed and that said rights are federally protected rights. Where a person is denied the right to be nominated and elected to a public office, that person has been deprived of a federal right.

██ This court agrees that judicial intervention into the area of political arena or internal political affairs must be approached with great caution and restraint. See Irish v. Democratic Farmer Labor Party of Minnesota, 8 Cir., 399 F.2d 119 (1968) and cited cases. However, the line must be drawn between the area of politics and political questions and that area of protectable rights. This court is of the opinion that when the processes of an elected body are such that they violate the concepts of fundamental fairness and of the basic democratic institution itself, the courts must be available to any party who is thereby injured.

██ It is, therefore, this court's opinion that defendants have violated the federally protected rights of plaintiffs in denying plaintiff Miller the right to be nominated and to be voted for.

This court finds that the persons selected to the office of chairman of the Cuyahoga County Democratic Party were not properly selected and holds that all actions taken by said chairmen pursuant to their election, May 20, 1972, are null and void. The court instructs defendant Bartunek, retiring chairman of the Central Committee of the Cuyahoga County Democratic Party as of May 19, 1972, to reconvene the elected committeemen in accordance with the authority granted him under ORC Section 3517.04, for the sole purpose of carrying forward the election of the chairman or chairmen in accordance with the findings of fact and conclusions of law in the above opinion.

It is so ordered.