BOARD OF EDUCATION OF THE INTERMEDIATE SCHOOL
DISTRICT OF KENT COUNTY *v.* DE VRIES

1. Constitutional Law—One Man, One Vote—Appointment.
    The "one man, one vote" principle applies to the selection of
    members of an official body by popular election and not to
    the selection of members by appointment.

2. Schools and School Districts—Constitutional Law—Appoint-
    ment—One Man, One Vote.
    Election of the members of the county's intermediate board of
    education by a body composed of one member from each
    constituent school district, designated by his constituent dis-
    trict, was not unconstitutional, even though one of the school
    districts, which had one-half of the county's population, had
    only one of 20 votes; the "one man, one vote" principle is
    not applicable to appointive procedures.

Appeal from Kent, Stuart Hoffius, J.  Submitted
Division 3 June 9, 1971, at Grand Rapids.  (Docket
No. 10674.)  Decided June 24, 1971.

Condemnation petition by the Kent County Inter-
mediate Board of Education against Joe M. De
Vries and Violet M. De Vries.  Award of condemna-
tion confirmed.  Defendants appeal.  Affirmed.

*McDonald, Anderson & Swets,* for plaintiff.

*Warner, Norcross & Judd* (by *John H. Logie*),
for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur 2d, Elections § 16 *et seq.*

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

R. B. BURNS, P. J. The Kent County Intermediate Board of Education passed a resolution condemning appellants' property for school purposes. In a jury trial the verdict was in favor of the board on the issue of necessity, and compensation for property loss was set at $30,400.[1]

Attacking the jurisdiction of the trial court, the appellants assert the following issue:

Was the election of the Kent County Intermediate Board of Education members unconstitutional, depriving the court of subject matter jurisdiction, because the members were elected in a manner contrary to the "one man, one vote" requirement of the equal protection clause of the Federal Constitution?

The board members were selected in compliance with PA 1962, No 190, MCLA § 340.294a (Stat Ann 1968 Rev § 15.3294[1]), which provides in part:

"The members of the board shall be elected biennially on the first Monday in June by a body composed of 1 member of the board of education of each constituent school district, who shall be designated by the board of education of the constituent school district of which he is a member."

By virtue of this selection procedure the Grand Rapids School District has only 1 of 20 votes cast in the election of the board members, although it contains approximately one-half of the county's population.

This same issue involving the same school board was presented to the United States Supreme Court

---

[1] The decisions on necessity and compensation are not questioned on appeal.

in the case of *Sailors* v. *Kent Board of Education* (1967), 387 US 105 (87 S Ct 1549, 18 L Ed 2d 650). The Court in *Sailors* held that the "one man, one vote" principle was not applicable to the county board of education members since the method of selection was appointive rather than elective. In addition, the Court felt it important that the board's functions were "essentially administrative" rather than legislative.

Defendants argue that the functions of the board are now essentially legislative and that two post-*Sailors* decisions require application of the "one man, one vote" principle to their case. We disagree.

Both of the decisions relied on by defendants specifically preserve the *Sailors* decision while extending the "one man, one vote" principle to local government bodies.

In *Avery* v. *Midland County* (1968), 390 US 474, 485 (88 S Ct 1114, 1120, 20 L Ed 2d 45, 53) the Court said:

"Last term, for example, the court upheld a procedure for choosing a school board    *    *    *    of component districts even though the component boards had equal votes and served unequal populations. *Sailors* v. *Kent Board of Education* (1967), 387 US 105 (87 S Ct 1549, 18 L Ed 2d 650)."

Also in *Hadley* v. *Junior College District* (1970), 397 US 50, 58 (90 S Ct 791, 796, 25 L Ed 2d 45, 52) the Court stated:

"We have also held that where a state chooses to select members of an official body by appointment rather than election, and that choice does not itself offend the constitution, the fact that each official does not 'represent' the same number of people does not deny those people equal protection of the laws. *Sailors* v. *Kent Board of Education* (1967), 387 US 105 (87 S Ct 1549, 18 L Ed 2d 650)."

The crucial fact in the *Avery* and *Hadley* decisions was that the method employed to select the members to the local governmental bodies was by popular election. The "legislative-administrative" test, used to some degree in the *Sailors* decision, was doubted in *Avery*[2] and rejected in *Hadley*.[3] The *Hadley* decision considers the selection of officials by popular election to be the relevant criterion for apportionment purposes.[4]

The system of selecting the board members by combining elective and appointive procedures was expressly upheld in *Sailors* and it has not been invalidated by subsequent decisions.

Affirmed. No costs, a public question being involved.

All concurred.

---

[2] *Avery* v. *Midland County* (1968), 390 US 474, 482 (88 S Ct 1114, 1119; 20 L Ed 2d 45, 52).

[3] *Hadley* v. *Junior College District* (1970), 397 US 50, 55, 56 (90 S Ct 791, 794, 795; 25 L Ed 2d 45, 50, 51).

[4] The apportionment rule is to be invoked according to the *Hadley* case, *supra*, 397 US 50, 56, "whenever a state or local government decides to select persons by *popular election* to perform governmental functions." (Emphasis supplied.)