ALDWIN H. SEEFELDT, Corporation Counsel, Washington County
You ask whether the representation provisions of sec. 66.945 (3), Stats., for regional planning commissions in Wisconsin violate the *Page 137 
constitutional requirements of equal protection as enunciated in various recent court decisions.
It is my opinion that see. 66.945 (3), Stats., is constitutional.
The answer to your inquiry depends upon whether or not the functions of the commission are such that its members must be selected by proportional representation.
Section 66.945, Stats., sets forth the functions of a regional planning commission created pursuant thereto. Section 66.945 (8) (a) specifies:
"FUNCTIONS, GENERAL AND SPECIAL. The regional planning commission may conduct all types of research studies, collect and analyze data, prepare maps, charts and tables, and conduct all necessary studies for the accomplishment of its other duties; it may make plans for the physical, social and economic development of the region, and may adopt by resolution any plan or the portion of any plan so prepared as its official recommendation for the development of the region; it may publicize and advertise its purposes, objectives and findings, and may distribute reports thereon; it may provide advisory services on regional planning problems to the local government units within the region and to other public and private agencies in matters relative to its functions and objectives, and may act as a co-ordinating agency for programs and activities of such local units and agencies as they relate to its objectives. All public officials shall, upon request, furnish to the regional planning commission, within a reasonable time, such available information as it requires for its work. In general, the regional planning commission shall have all powers necessary to enable it to perform its functions and promote regional planning. The functions of the regional planning commission shall be solely advisory to the local governments and local government officials comprising the region."
No provision for the popular election of members of a commission is made in sec. 66.945. Procedures for appointing such members are enumerated in sec. 66.945 (3).
The issues raised by your question are very similar to those addressed in 59 OAG 79 (1970): whether the legislature may constitutionally provide for the appointment of members of *Page 138 
vocational school boards and whether the one man, one vote principle should apply in any way to such appointments. We advised that the appointment of the board members under sec.41.155 (5) (c), Wis. Stats. (1967), was constitutionallypermissible and that the one man, one vote principle wasinapplicable.
Subsequently, two courts also assessed the validity of the statute and arrived at similar conclusions. Village of WestMilwaukee v. Area Board of Vocational, Technical and AdultEducation (1971), 51 Wis.2d 356, 187 N.W.2d 387, appeal dismissed, 404 U.S. 981, 30 L.ed. 2d 364, 92 S.Ct. 452; Egan v.Wisconsin State Board of Vocational, Technical and AdultEducation, 332 F. Supp. 964 (E.D. Wis. 1971).
59 OAG 79 (1970) and the above two court decisions relied substantially on Sailors v. Kent Board of Education (1967),387 U.S. 105, 18 L.ed. 2d 650, 87 S.Ct. 1549, in which the United States Supreme Court upheld the validity of a county school board whose members were appointed. The court held:
"We find no constitutional reason why state or local officers of the nonlegislative character involved here may not be chosen by the governor, by the legislature, or by some other appointive means rather than by an election." 387 U.S. at p 108.
The regional planning commissions created pursuant to sec. 66.945, Stats. (1971), are delegated far less power than the county school boards discussed in Sailors, supra. The functions of a regional planning commission are only advisory:
". . . The functions of the regional planning commission shall be solely advisory to the local governments and local government officials comprising the region." Section 66.945 (8) (a).
Further, the planning commission may not levy taxes, but is confined by sec. 66.945 (14), Wis. Stats. (1971), to limited assessments against local governments within the region it serves. Without question, therefore, the regional planning commissions must be considered nonlegislative, administrative bodies whose members, according to Sailors, need not be elected. *Page 139 
The one man, one vote principle first enunciated by the Supreme Court in Reynolds v. Sims (1964), 377 U.S. 533, 12 L.ed. 2d 506,84 S.Ct. 1362, reh. den., 379 U.S. 870, 13 L.ed. 2d 76,85 S.Ct. 12, is thus inapplicable here. In Saliors [Sailors], the court held:
". . . Since the choice of members of the county school board did not involve an election and since none was required for these nonlegislative officers, the principle of `one man, one vote' has no relevancy." 387 U.S. at p. 111.
Further, in Hadley v. Junior College District (1970), 397 U.S. 50,25 L.ed. 2d 45, 90 S.Ct. 791, the court held:
". . . where a State chooses to select members of an official body by appointment rather than election, and that choice does not itself offend the Constitution, the fact that each official does not `represent' the same number of people does not deny those people equal protection of the laws. . . ." 397 U.S. at p. 58.
For these reasons, I conclude that sec. 66.945 (3), Stats. (1971), is not inconsistent with constitutional equal protection requirements.
RWW:PM