**Roy OAKS and Fabon Follin,
Plaintiffs,**

v.

**BOARD OF TRUSTEES, the NORTHEAST MISSISSIPPI JUNIOR COLLEGE et al., Defendants.**

**No. EC 73-15-S.**

United States District Court,
N. D. Mississippi, E. D.

Nov. 11, 1974.

A. Horace Brewer, Corinth, Miss., for plaintiffs Roy Oaks and Fabon Follin.

Lester F. Sumners, New Albany, Miss., for defendants Bd. of Trustees, The Northeast Mississippi Junior College, and others.

Before COLEMAN, Circuit Judge, and KEADY and SMITH, District Judges.

ORMA R. SMITH, District Judge:

Plaintiffs Roy Oaks and Fabon Follin, residents of Alcorn County, Mississippi, brought this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) against defendants, the members of the Board of Trustees of Northeast Mississippi Junior College which is located in Booneville, Mississippi. The complaint challenged as unconstitutional the method by which the membership of the board of trustees is determined. Insomuch as this selection procedure is mandated by Section 37–29–65, Mississippi Code of 1972, a statute of apparent statewide application,[1] a three-judge district court was convened in accordance with 28 U.S.C. § 2281. The court heard oral argument in Oxford, Mississippi, on October 24, 1974. The case was submitted to the court at that time on stipulated facts and briefs of counsel.

The portion of the Mississippi statute here in question reads as follows:

Except as provided in this section and in section 37–29–35, there shall be six trustees from each county of the junior college district which originally entered into and gave financial aid in establishing the junior college. The county superintendent of education shall be a member, and there shall be one member from each supervisors district. Counties which subsequent to the establishment of the junior college joined the district shall have only two trustees, one of whom shall be the county superintendent of education. However, the board of trustees so constituted, by appropriate resolution, may enlarge its number to six trustees from each county, in which case one shall be the county superintendent of education and there shall be one chosen from each supervisors district. In any case in which there is an equal number of trustees, the board of trustees may appoint another person to membership.

. . . . . .

The board of supervisors shall elect the requisite number of discreet persons of good moral character, sufficient education and experience, and of proven interest in public education, who are qualified electors of the county, as trustees of the junior college; annually thereafter the board of supervisors in like manner shall fill vacancies.[2]

It is the plaintiffs' contention that this statute, as applied to determine the composition of the board of trustees of the Northeast Mississippi Junior College District, violates rights afforded them as citizens of Alcorn County under the Equal Protection Clause of the Fourteenth Amendment to the extent that representation of the board is not apportioned according to the financial contribution, the total population, or the student population of the constituent counties of the district.

Pursuant to the above-quoted statute, six members of the board of trustees of Northeast Junior College are residents of Prentiss County, which is the county in which the college is situate and which was the only county which originally established the college and contributed financial support. The counties of Alcorn, Union, and Tippah each have two representatives on the board of trustees. The remaining county, Tishomingo, has three trustees on the board by virtue of the portion of the statute which allows the board of trustees to appoint an additional member in any district which has an even number of trustees upon its board. Plaintiffs complain that this composition of the board, with Prentiss County having three times the

---

1. Section 37–29–65 applies to twelve of the sixteen public junior colleges in Mississippi. The unaffected institutions are Gulf Coast Junior College, Meridian Junior College, Coahoma Junior College, and Utica Junior College.

2. Section 37–29–65, Miss.Code Ann. (1972).

number of board representatives as Alcorn County, is violative of the Equal Protection Clause in that during the past ten years, Alcorn County has annually contributed approximately twenty percent more in the way of financial support than has Prentiss County; in that the number of students residing in Alcorn County in the Northeast Junior College student body during the last ten years has been approximately equal to the number of students from Prentiss County; and in that during the past ten years, Alcorn County has annually allocated approximately thirty-five percent more county tax funds to the support of Northeast Junior College, on a per student basis, than has Prentiss County.

Plaintiff's equal protection argument is grounded in Reynolds v. Sims, 377 U. S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) and its progeny, especially Avery v. Midland County, 390 U.S. 474, 88 S. Ct. 1114, 20 L.Ed.2d 45 (1968). In *Avery*, the Supreme Court extended the one person, one vote principle enunciated in *Reynolds* to units of local government. The Court subsequently applied the one person, one vote rule to the popular election of the trustees of a junior college district in Hadley v. Junior College District, 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed. 2d 45 (1970). *Hadley* is the case upon which plaintiffs primarily rely to support their claim of denial of equal protection.

In *Hadley*, the Court interpreted its previous ruling in *Avery* so as to require compliance with the one person, one vote rule "whenever a state or local government decides to select persons by popular election to perform governmental functions . . . ." *Hadley, supra,* at 56, 90 S.Ct. at 795, 25 L.Ed. at 50. The plain language of the Court's holding in *Hadley* discloses that plaintiffs' reliance upon it is misplaced. Here the State of Mississippi has not decided to select the trustees of the junior college districts by popular election; rather, Mississippi has empowered the board of supervisors of the constituent counties with the authority to appoint the members of the board of trustees of the junior college districts.[3]

In all its decisions on the one person, one vote issue, the Supreme Court has never suggested that the principle of equal representation should be extended to appointive governmental officials or agencies. The majority opinion in *Hadley* provides what is apparently the current position of the Court on this issue. "We have also held that where a State chooses to select members of an official body by appointment rather than election, and that choice does not itself offend the Constitution, the fact that each official does not 'represent' the same number of people does not 'deny those people equal protection of the laws." *Hadley, supra,* at 58, 90 S.Ct. at 796, 25 L.Ed.2d at 52, citing Sailors v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967). The Court's view of the law controlling disposition of this case would not be made more manifest had Mr. Justice Black spoken directly to the fact situation posited by plaintiffs in this action.

Plaintiff's attack upon Section 37–29–65 of the Mississippi Code of 1972 must fail for yet another reason. From an examination of the powers of boards of trustees of public junior colleges in Mississippi, it is apparent to the court that these boards are administrative rather than legislative bodies. The powers of a duly constituted board of trustees of a Mississippi junior college are significantly less extensive than those possessed by the county school board in Michigan which was found by the Supreme Court to perform "essentially administrative functions" in Sailors, supra, at 110, 87 S.Ct. at 1553, 18 L.Ed.2d at 654.[4]

---

3. "The board of supervisors shall elect the requisite number of discreet persons . . . as trustees of the junior college . . . ." Section 37–29–65, Miss.Code Ann. (1972).

4. The county school board which withstood an equal protection attack in *Sailors*, due to its appointive rather than elective membership and its administrative rather than legis-

Insomuch as membership on the board of trustees of a Mississippi public junior college is an appointive rather than elective office, and considering the administrative rather than legislative nature of these bodies, the court is instructed, if not controlled, by the language in Justice Douglas's opinion in *Sailors* to the effect that, "[s]ince the choice of members of the county school board did not involve an election and since none was required for these nonlegislative offices, the principle of 'one man, one vote' has no relevancy." *Sailors, supra,* at 111, 87 S.Ct. at 1553, 18 L.Ed.2d at 655. If the one person, one vote principle is here irrelevant, this court can do nothing more than leave these plaintiffs to their legislative remedy.

lative function, had the power under state law to appoint the county school superintendent, prepare a budget and levy taxes, distribute delinquent taxes, furnish supervisory services to constituent school districts, conduct cooperative educational programs, employ teachers for special educational programs, and transfer areas from one school district to another. *Sailors, supra,* at 110 n. 7, 87 S.Ct. at 1553, 18 L.Ed.2d at 654–655 n. 7. While possessing many powers similar to those of the school board in question in *Sailors,* the boards of trustees of Mississippi junior colleges lack the capacity to levy taxes—the counties themselves, acting through their boards of supervisors, levy the taxes to support the junior colleges, section 37–29–141, Miss.Code Ann. (1972)—as well as the power to alter the size or composition of the junior college districts which are mandated by statute, section 37–29–31, Miss. Code Ann. (1972).