

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 30, 1976

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H-855

Re: Appointment and
compensation of drainage
district commissioners in
Jefferson County.

Dear Mr. Hanna:

You have submitted two opinion requests concerning the
relationship of the Drainage District Commissioners of
Jefferson County to the Jefferson County Commissioners
Court. Questions 1 and 2 of the first request are as
follows:

> 1. Does the Commissioners' Court have
> the authority to determine the rate of
> compensation to be paid to the Commis-
> sioners' of Drainage Districts 3, 6,
> and 7?
>
> 2. Are the Drainage District Commissioners'
> elected or appointed for Drainage Districts
> 3, 6, and 7?

With respect to Drainage District No. 7, Acts 1971, 62nd
Leg., ch. 182 at 994, amending Acts 1962, 57th Leg., 3rd C.S.,
ch. 34, adds section 4a, which provides:

> The Commissioners Court of Jefferson County,
> Texas, shall fix the salary as compensation
> of the commissioners of Jefferson County
> Drainage District No. 7, for their services
> for the time actually engaged in the work of
> the district; said salary shall not exceed
> Three Hundred Fifty Dollars ($350.00) per
> month, which salary shall be fixed by order
> of the Commissioners Court. . . .

p. 3605

This Act makes it clear that the Commissioners Court of Jefferson County has the authority to determine the rate of compensation for the Commissioners of Drainage District No. 7, up to the amount of $350.00.

Section 4 of Acts 1962, 57th Leg., 3rd C.S., ch. 34 at 102, determines the method of appointing Commissioners for Drainage District No. 7 by providing that article 8118, V.T.C.S. (now section 56.061, Water Code) shall be applicable. Section 56.061 states:

> When a district is established, the
> commissioners court shall appoint . . .
> directors for the district.

Additionally, section 4 of the above referenced Act specifically states that article 8119 (now section 56.064, Water Code) shall not apply to Drainage District No. 7.  Section 56.064 provides for the election of Drainage District Commissioners upon petition by a majority of the real property taxpayers of a district.  Therefore, as to Drainage District No. 7, Commissioners are appointed rather than elected.

The method of determining the compensation of Commissioners in Drainage District No. 6 is set out in Acts 1961, 57th Leg., R.S., ch. 349, § 10 at 757, wherein it is provided that the "compensation shall be fixed by an order of the Commissioners Court of Jefferson County, Texas" in an amount not to exceed $350.00 per month.

With regard to the question of election or appointment of Commissioners of Drainage District No. 6, section 4 of the above referenced Act provides that "the General Laws . . . relating to drainage districts shall apply . . . ."  The applicable General Law, section 56.061 of the Texas Water Code, as pointed out in relation to Drainage District No. 7, determines that Drainage District Commissioners are to be appointed rather than elected.  However, since the Act creating Drainage District No. 6 does not delete section 56.064 of the Water Code, Commissioners may also be elected upon petition of a majority of the real property taxpayers.

According to your accompanying brief, Drainage District No. 3 was created under the General Law applicable to drainage districts, now Chapter 56 of the Water Code. Section 56.067 provides that "[t]he commissioners court shall establish the amount of compensation [for drainage district commissioners] by order" in an amount not to exceed $7.50 per day. Again, sections 56.061 and 56.064 apply to Drainage District No. 3, and therefore, the Commissioners are appointed rather than elected except where an election is requested by petition of a majority of the real property taxpayers.

Your second request concerns only Drainage District No. 7, and asks:

> 1. Is the provision for the appointment of five Commissioners for Drainage District 7 with no more than one Commissioner from each municipality unconstitutional as a violation of the 'one man, one vote' principle?
>
> 2. If the Drainage District Commissioners were elected, would the one Commissioner per municipality provision be unconstitutional?
>
> 3. Is it unconstitutional to require a majority of real property tax payers to petition the Commissioners Court for election of Drainage District Commissioners?

Inherent in the first question is the issue of whether the provision for appointment rather than election of Drainage District Commissioners is, in itself, violative of the "one man, one vote" principle. This issue was considered in Fortson v. Morris, 385 U.S. 231, 233 (1966), where the Court found that there was no constitutional requirement "intended to compel a State to elect its . . . state officers or agents through elections of the people rather than through selections by appointment. . . ." The Court narrowed this holding in Sailors v. Board of Education of the County of Kent [hereinafter cited as Sailors]:

> We find no constitutional reason why state
> or local officers of the nonlegislative
> character . . . may not be chosen by . . .
> appointive means rather than by an election.
> 387 U.S. 105, 108 (1967). (Emphasis added).

Although the Court did not specifically define "non-legislative," they held that the local school board being considered in Sailors performed essentially administrative functions. In determining that the school board was administrative rather than legislative in nature the Court considered the board's functions in the appointment of a county school superintendent, preparation of an annual budget and levy of taxes and distribution of delinquent taxes. Id. at 104 n. 7.

Section 3 of Acts 1962, 57th Leg., 3rd C.S., ch. 34 describes the powers, privileges and functions given Jefferson County Drainage District No. 7. Included in these are the power to provide protection against floods, to construct, maintain and improve drainage systems, to contract with state agencies or municipal corporations to acquire land, to employ personnel, to dispurse monies of the District and to provide for and administer a retirement, disability and death fund for District employees. (Sec. 3 at 100-101). In our opinion, the functions of the Board of Drainage District Commissioners clearly fall within the purview of the Supreme Court's description of a "nonlegislative" local body set out in Sailors. Therefore, since the choice of members of the Board of Drainage District Commissioners does not involve an election and since none is required for these nonlegislative offices, the principle of "one man, one vote" has no relevancy. See Sailors, supra at 111.

The second and third questions of your second request are rendered moot by the specific exemption of Drainage District No. 7 from the Water Code provision requiring the election of Drainage District Commissioners upon petition by a majority of the real property taxpayers.

### S U M M A R Y

The Commissioners Court of Jefferson County has the authority to determine the compensation to be paid Commissioners of Drainage Districts 3, 6 and 7 within the governing statutory limitations. Drainage District Commissioners in Districts 3 and 6 are appointed by the Commissioners Court. However, an election for Drainage District Commissioners in Districts 3 and 6 may be called by petition of a majority of real property taxpayers. As to Drainage District No. 7, Commissioners are appointed by the Commissioners Court with no provision for their election. The appointment of no more than one Commissioner from each municipality in Drainage District No. 7 does not violate the "one man, one vote" principle.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb