REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature
Would the granting of one vote to three student members of the Board of Regents, as a group, violate the "one man, one vote" principle, the U.S. Constitution or the Nebraska Constitution?
Such action as proposed in LR 306 CA would not violate the "one man, one vote" principle. Yet it would defy both the U.S. Constitution Fourteenth Amendment Equal Protection Clause and Nebraska Constitution Article VII Section 10.
The U.S. Supreme Court has held that the "one man, one vote" principle is irrelevant where an election is not involved nor required. Sailors v. Kent Board of Education,387 U.S. 105 (1967). Student members are not elected to the Board of Regents. Article VII Section 10 of the Nebraska Constitution in effect appoints the Student Body Presidents to the Board by operation of law. The eight regents are elected to the Board. A combination of elected and appointed members is permissible for nonlegislative state agencies. Id. at 111. The Board of Regents is essentially administrative. Board of Regents v. County of Lancaster,48 N.W.2d 221, 154 Neb. 398 (1951). Therefore the "one man, one vote" principle does not apply.
"The Equal Protection Clause does not of course require that the State never distinguish between citizens, but only that the distinctions that are made not be arbitrary or invidious." Avery v. Midland County, 390 U.S. 474, 484
(1968).
The Board is currently comprised of two classes of members. Student Members, who are nonvoting and Regents who are voting members. LR 306 CA proposes that each student member be given a one third (1/3) say in how one vote is to be cast. Once student members join the voting class they must be treated equally with other members of the class unless some reason that is not arbitrary or invidious exists for distinguishing them. A distinction based on student status or on appointed status is arbitrary and invidious. If the student members are to be granted the franchise they must be given one full vote each.
Article VII Section 10 of the Nebraska Constitution provides:
The general government of the University of Nebraska shall, under the direction of the Legislature, be vested in a board of not less than six nor more than eight regents to be designated the Board of Regents of the University of Nebraska, who shall be elected from and by districts as herein provided and three students of the University of Nebraska who shall serve as nonvoting members. . . . Their duties and powers shall be prescribed by law; . . . . (Emphasis added).
The Board of Regents consist of eight regents and three student members. The student members are not regents. They have no duties or powers prescribed by law. The regents exercise their duties and powers by majority vote. Therefore giving the student members one vote in effect makes them a regent — the ninth regent. Giving them one vote each expands the Board to eleven regents. The constitution and the proposed amendment specifically state that there shall be no less than six and no more than eight regents. The resolution would have to be reworded to expand the Board to more than eight regents.
We call to your attention that Neb.Rev.Stat. Sections85-103 does not acknowledge student membership on the Board. Consequently it is uncertain whether Sections 85-106 prescribes any duties or powers for student members.
Sincerely yours,
ROBERT M. SPIRE Attorney General
Yvonne E. Gates Assistant Attorney General