Requestor: George E. Mead, III, Esq., Jefferson County Attorney 175 Arsenal Street Watertown, New York 13601
Written by: Denise Hartman, Assistant Attorney General
You have requested an opinion as to whether the board of supervisors of the County of Jefferson, which uses weighted voting for all resolutions and local laws to satisfy the one-person-one-vote constitutional requirement, must use weighted voting in deciding strictly procedural motions.
The Equal Protection Clause of the Fourteenth Amendment requires that, whenever an elected governmental body performs general governmental functions, each qualified voter must be given an equal opportunity to participate in its decision making. Reynolds v Sims, 377 U.S. 533 (1964);Hadley v Junior College Dist., 397 U.S. 50, 56 (1970). This one-person-one-vote principle is applicable to local legislative bodies, including county governments. Avery v Midland County, 390 U.S. 474, 481
(1968); Abate v Mundt, 25 N.Y.2d 309, 314 (1969), affd, 403 U.S. 182
(1971). A "weighted voting" system may be used to accomplish this constitutional mandate. Franklin v Krause, 32 N.Y.2d 234 (1973), appdismissed, 415 U.S. 904 (1974); Iannucci v Board of Supervisors,20 N.Y.2d 244 (1967); Morris v Board of Estimate, 707 F.2d 686 (2d Cir 1983); Greenwald v Board of Supervisors, 567 F. Supp. 200 (SDNY), affd,
742 F.2d 1433 (2d Cir 1983); see, Municipal Home Rule Law § 10(13).
It is true that at one time the courts had recognized a distinction between governmental bodies that have primarily legislative functions and those that have primarily administrative functions, holding the latter to be not subject to the one-person-one-vote principle. See, e.g., Sailors vBoard of Education, 387 U.S. 105 (1967); Bergerman v Lindsay, 25 N.Y.2d 405
(1969), appeal dismissed and cert denied, 398 U.S. 955 (1970). That distinction, however, is no longer recognized. Morris v Board ofEstimate, 707 F.2d 686, 690. In Hadley v Junior College Dist., 397 U.S. 50,55-56, the Supreme Court explained the basis for abandoning the distinction:
 "It has also been urged that we distinguish for apportionment purposes between elections for — `legislative' officials and those for `administrative' officers. Such a suggestion would leave courts with equally unmanageable principles since governmental activities `cannot easily be classified in the neat categories as favored by civics texts' [citations omitted], and it must also be rejected. We therefore hold today that as a general rule, whenever a state or local government decides to select persons by popular election to perform governmental functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election, and when members of an elected body are chosen from separate districts, each district must be established on a basis that will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal number of officials."
Hadley also implicitly rejects making a distinction between legislative and administrative decision making within a single elected governmental body such as a county board of supervisors. Even the examples of procedural motions set forth in your letter, e.g., motions to move the previous question and to table legislation, can have significant substantive impacts. To make a motion-by-motion judgment as to whether the decision on that motion might have significant substantive impacts simply would be unworkable. Indeed, one commentator has concluded that "[a] weighted vote would probably have to be used for all purposes, including determinations of quorums and committee decisions, for these procedural aspects are no less important than final votes in the legislative process." Weinstein, "The Effect of Federal Reapportionment Decisions on Counties and Other Forms of Municipal Government", 65 Col L Rev 21, 42 (1965).
In sum, we conclude that weighted voting is constitutionally required for deciding all motions raised before the county board of supervisors, regardless of whether they may be characterized as procedural.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this department.