Michael Connelly, Chair Public Disclosure Commission P. O. Box 40908 Olympia, WA 98504-0908
Dear Mr. Connelly:
By letter previously acknowledged, you requested our opinion on the following two paraphrased questions:
1. Does the term "elected legislative body" for the purposes of RCW 42.17.130 extend to county, city, or other local government multi-member boards and commissions and similar entities when (a) the entity includes both appointed members and elected members who represent their jurisdictions on the board; (b) the members who serve on the entity do so by virtue of their being elected officials in specific jurisdictions; or (c) the entity is an informal group of elected officials from different jurisdictions who publicly meet to discuss matters of mutual concern?
2. What constitutes a "legislative" body for the purposes of local or county government multi-member boards and commissions and similar entities subject to RCW 42.17.130?
 BRIEF ANSWERS
We conclude that the exception in RCW 42.17.130 permitting use of public resources for political purposes by an "elected legislative body" is limited to bodies whose members are directly elected to that body by the voters. We therefore conclude that when membership is determined in any of the three ways you posit in your first question, the body is not "elected" for this purpose. In response to your second question, we conclude that a body is only "legislative" for purposes of this statute if the body has the authority to make laws. We therefore conclude that at the local level, the statutory provision permitting limited use of public resources for political purposes by an "elected legislative body" applies to city and town councils, county councils, and county boards of commissioners.
 ANALYSIS
Your questions concern a statute prohibiting the use of public resources for specified political activities. The statute currently reads, in pertinent part:
No elective official nor any employee of his office nor any person appointed to or employed by any public office or agency may use or authorize the use of any of the facilities of a public office or agency, directly or indirectly, for the purpose of assisting a campaign for election of any person to any office or for the promotion of or opposition to any ballot proposition. . . . PROVIDED, That the foregoing provisions of this section shall not apply to the following activities:
(1) Action taken at an open public meeting by members of an elected legislative body to express a collective decision, or to actually vote upon a motion, proposal, resolution, order, or ordinance, or to support or oppose a ballot proposition so long as (a) any required notice of the meeting includes the title and number of the ballot proposition, and (b) members of the legislative body or members of the public are afforded an approximately equal opportunity for the expression of an opposing view;
(2) A statement by an elected official in support of or in opposition to any ballot proposition at an open press conference or in response to a specific inquiry;
(3) Activities which are part of the normal and regular conduct of the office or agency.
RCW 42.17.130.
The activities prohibited by this statute include using public resources "for the purpose of assisting a campaign for election of any person to any office or for the promotion of or opposition to any ballot proposition." RCW 42.17.130. Both of your questions relate to the first of three exceptions to that prohibition, which permits certain expenditures by local elected legislative bodies to support or oppose a ballot proposition.[1] Your two questions relate, in turn, to the requirement that a body be both "elected" and "legislative" to qualify for the application of the exception to the statutory prohibition.
1. Does the term "elected legislative body" for the purposes of RCW 42.17.130 extend to county, city, or other local government multi-member boards and commissions and similar entities when (a) the entity includes both appointed members and elected members who represent their jurisdictions on the board; (b) the members who serve on the entity do so by virtue of their being elected officials in specific jurisdictions; or (c) the entity is an informal group of elected officials from different jurisdictions who publicly meet to discuss matters of mutual concern?
Your first question asks whether a "body" can be regarded as "elected" when its members are chosen in various ways other than direct election by the voters. The examples cited in your question include a mixed body consisting of both elected and appointed members, a body composed of individuals who serve by virtue of being elected to some other position (in other words, of members serving ex officio), and an informal body composed of elected officials who meet to discuss matters of mutual concern. For the reasons described more fully below, we conclude that only a body composed entirely of members elected directly to that body by the voters constitutes an elected body for purposes of RCW 42.17.130.
We have previously explained that in construing this section:
The possible authority of any public officer or employee to expend funds to influence legislative action by another governmental body is to be viewed with special strictness. In fact, as we have pointed out in previous opinions, the rule in this state has long been that such expenditures are contrary to public policy and illegal in the absence of express authority[.]
AGO 1975 No. 23, at 7 (emphasis omitted). Similarly, Washington courts have made clear that provisos to general statutes are construed narrowly. Osborn v. Mason Cy., 122 Wn. App. 823, 830, 95 P.3d 1257
(2004). Accordingly, the statutory prohibition against political use of public facilities is construed broadly, while the exceptions are construed narrowly. This approach serves the evident purpose of the statute-to generally prohibit use of public resources for political purposes except within defined parameters.
The term "elected official" is statutorily defined to mean "any person elected at a general or special election to any public office, and any person appointed to fill a vacancy in any such office." RCW42.17.020(15). An "election" includes "any primary, general, or special election for public office". RCW 42.17.020(16); see also RCW 29A.04.043
(similarly defining the term "election" for purposes of RCW Title 29A).
Given these statutory definitions and the principles of statutory construction noted above, we conclude that a body is "elected" for purposes of RCW 42.17.130(1) only if all of its members are directly elected to that body by the voters.[2] The plain language of the statute also leads to this conclusion. The term "elected" modifies the term "body," connoting that the body itself must be elected. We therefore conclude that bodies composed in any of the three ways you suggest in your question are not elected bodies for purposes of RCW 42.17.130. Bodies containing a combination of elected or appointed members, bodies whose members serve ex officio by virtue of being elected to another office, or informal groups of elected officials from different jurisdictions are not "elected" for purposes of this analysis.
In reaching this conclusion we considered-but rejected-the possibility that case law developed in the context of the "one person, one vote" principle might inform this analysis. A number of courts, including the United States Supreme Court, have been asked to decide whether multi-member bodies selected by indirect processes (such as those suggested in your question) should be regarded as "elected" for the purpose of determining whether the voters' right to equal participation in electing their representatives has been violated.[3] Such cases suggest an analysis under which a body might be regarded as "elected" for purposes of the "one person, one vote" rule if it is composed entirely of members who automatically serve on the body as the direct result of being elected to another office,[4] or at least if a majority of its members do so.[5] On the other hand, a body composed entirely of members who serve by appointment will not be regarded as elected, even if the eligibility for appointment is limited to officials who have previously been elected to some other office.[6]
We do not find these cases instructive in construing RCW 42.17.130
because of a significant difference in context. RCW 42.17.130 is intended to prohibit the partisan or preferential use of public resources to aid one side or the other in a campaign and, as noted above, exceptions to that prohibition must be narrowly construed. City of Seattle v. State, 100 Wn.2d 232, 247-48, 668 P.2d 1266 (1983); see also AGO 1994 No. 20, at 7. The "one person, one vote" doctrine, in contrast, is designed to give effect to the principle that all voters should have the right to cast an equally weighted vote when choosing their elected representatives. Morris, 489 U.S. at 692-93. Given these differences in purpose and context, we find no basis to conclude that the analysis in the "one person, one vote" cases informs the construction of RCW 42.17.130, and we therefore decline to look to those cases to support a broader construction of the term "elected legislative body" in RCW42.17.130.
We accordingly answer your first question by concluding that only bodies composed entirely of members directly elected to that body by the voters constitute an "elected" body for purposes of RCW 42.17.130(1).
2. What constitutes a "legislative" body for the purposes of local or county government multi-member boards and commissions and similar entities subject to RCW 42.17.130?
For the exception in RCW 42.17.130(1) to apply, the body not only must be "elected," it must also be a "legislative" body. As noted, this statute was designed to prohibit the partisan or preferential use of public resources to influence a public election. Seattle, 100 Wn.2d at 247-48. Again, we view this prohibition with special strictness, designed as it is to protect against an improper use of taxpayer resources to influence elections. AGO 1975 No. 23, at 7. We construe provisos to the general statute narrowly so as to give broad effect to the purpose served by the general rule. Osborn, 122 Wn. App. at 830.
The word "legislative" means "of or relating to lawmaking or to the power to enact laws." Black's Law Dictionary 919 (8th ed. 2004); see also Webster's New Riverside University Dictionary 685 (1994). As the Court of Appeals recently phrased the matter in a different context, "An action is legislative if it declares or prescribes a new law, policy, or plan, but is administrative if it merely executes or pursues a plan already adopted by the legislative body." Wash. Pub. Trust Advocates v. City of Spokane, 120 Wn. App. 892, 900, 86 P.3d 835, 839 (2004). Legislative bodies should be distinguished from bodies that, although elected, may simply serve an administrative function or provide a service without the general authority to make law.
Numerous local bodies govern various types of political subdivisions, special taxing districts, and municipal corporations that provide a wide variety of local services throughout the state. Prominent examples include counties, cities, school districts, and a variety of other special districts such as port districts, public utility districts, fire districts, water districts, and hospital districts. While such local entities are governed by multi-member elected bodies, most of those bodies are not "legislative" in the sense contemplated by RCW 42.17.130.
City councils and county boards of commissioners (or "county councils" in charter counties) are clearly "legislative" for purposes of RCW42.17.130(1). Such bodies are often described as "legislative authorities". See, e.g., Citizens for Respons. Wildlife Mgmt. v. State,124 Wn. App. 566, 575, 103 P.3d 203, 207 (2004) (referring to such bodies by the general term "city or county legislative authority"). Both cities and counties possess a general form of lawmaking power at the local level. See RCW 36.32.120 (reciting the powers of county legislative authorities); RCW 35.23.440 (reciting the powers of city councils of second class cities); RCW 35.27.370 (reciting the powers of town councils); RCW 35A.11.020 (reciting powers of legislative bodies of code cities). Cities and counties that have adopted local charters have broad legislative authority, except that their actions may not contravene the state constitution or state statutes. King Cy. Coun. v. Pub. Disclosure Comm'n, 93 Wn.2d 559, 662-63, 611 P.2d 1227, 1228 (1980).[7]
Accordingly, we have no hesitation in concluding that city and county councils and boards of county commissioners are legislative bodies for purposes of RCW 42.17.130(1).
When considering whether a particular body is "legislative," the inquiry is neither into the relative importance of the functions the body may perform nor even into whether the body is entrusted with a significant degree of discretion. The question, recalling the definition of "legislative" recited above, is whether the body has the power to make law. Unlike cities and counties, the governing boards of special districts do not possess the power to make laws. While in some instances the powers of locally elected boards may be significant,[8] they do not extend to the enactment of laws of general applicability within their respective jurisdictions. Rather, such districts are formed for limited purposes of providing local services related to specific topics or of administering state law or policy at the local level.[9] While the governing boards of numerous special districts may exercise significant authority to provide important public services, they do not exercise general legislative authority at the local level. We conclude that, given the principle of statutory construction that calls for us to construe this proviso narrowly, the governing boards of special districts are not legislative bodies for this purpose.
We also find an advisory opinion issued by the Executive Ethics Board informative in this regard. The Executive Ethics Board has the authority to issue advisory opinions regarding the application of the state ethics act to the executive branch of state government. RCW 42.52.360(2)(c). In an opinion interpreting RCW 42.52.180(2)(a), the statute that parallels RCW 42.17.130(1) for state government, the Board concluded that the term "elected legislative body" is limited to the state Legislature. Executive Ethics Board, Advisory Opinion 99-01 (1999) (available online at http://ethics.wa.gov/opinions/99_01.htm). The Board reasoned that, based on the generally accepted meaning of the word "legislative," the statute is limited to bodies "empowered to create laws." Id. Much as the Legislature is uniquely vested with legislative authority in state government, city and county legislative authorities are unique in their legislative power over local matters.[10]
We trust that this analysis will be of assistance.
Very truly yours,
ROB MCKENNA Attorney General
JEFFREY T. EVEN Assistant Attorney General
:pmd
[1] The statute at issue does not apply to state officers or state employees. RCW 42.17.131. Officers and employees of the state are instead subject to the state's Ethics in Public Service Act, which includes a similar prohibition against the use of state resources for political activities, as well as a similar exception for actions of elected legislative bodies. RCW 42.52.180.
[2] Given that the statutory definition of "elected official" includes individuals serving pursuant to an appointment to fill a vacancy, we do not suggest that the presence of such members in a particular case makes the exception inapplicable. RCW 42.17.020(15).
[3] See, e.g., Bd. of Estimate v. Morris, 489 U.S. 688, 694,109 S. Ct. 1433, 103 L. Ed. 2d 717 (1989) (concluding that New York City's "board of estimate", composed of eight members each of whom became members by virtue of being elected to another office, was an elected body for "one person, one vote" purposes); Cunningham v. Mun. of Metro. Seattle, 751 F. Supp. 885, 893 (W.D. Wash. 1990) (holding that the council of the Municipality of Metropolitan Seattle was an elected body, when some of its members served by virtue of election to other offices and other members were appointed); but see Sailors v. Bd. of Educ.,387 U.S. 105, 109, 87 S. Ct. 1549, 18 L. Ed. 2d 650 (1967) (holding that a county board of education was an appointed body, and not an elected one, when its members were appointed from among a limited pool of individuals elected to other offices).
[4] Morris, 489 U.S. at 694.
[5] Cunninham, 751 F. Supp. at 893.
[6] Sailors, 387 U.S. at 110 n. 6; Cunningham, 751 F. Supp. at 892.
[7] The state Supreme Court concluded in the latter case, which predated the Legislature's enactment of the statutory language at issue, that a county council may endorse a ballot measure. King Cy.,93 Wn.2d at 560.
[8] See, e.g., RCW 28A.320.15(1) (describing the "broad discretionary power" of local school districts).
[9] We also note that the statute does not limit the use of resources authorized under this exception only to ballot measures that are related to the functions of the jurisdiction involved. RCW 42.17.130(1). This observation supports a narrow construction of the term "elected legislative body." If the term were construed more broadly to cover many, or even all, bodies elected to govern special districts, then the result would be that each such body could utilize public resources to endorse or oppose ballot measures on any subject. For example, a school board might take a position regarding an initiative related to nuclear power, or a water board might support or oppose a measure relating to gambling or highway construction. We also note that one of the other exceptions to the prohibition stated in the statute authorizes "activities which are part of the normal and regular conduct of the office or agency", a provision that may be applicable to the extent that a particular measure actually relates to the functions of a particular special district. RCW 42.17.130(3).
[10] We do not suggest that the same construction of the word "legislative" that we offer in this opinion would automatically apply to other statutes that use the same word. The construction of each statute depends upon its own language and statutory context. Our analysis in this opinion depends heavily upon the language and context of RCW42.17.130 and should not be construed as a universal interpretation of the meaning of the word "legislative" in all statutes. See, e.g., RCW42.24.180 (using the phrase "legislative body of any taxing district").
Our research discovered no local government bodies (other than the legislative authorities of cities, towns, and counties) that exercise general legislative authority over a geographic jurisdiction. Of course, we do not discount the possibility that additional forms of local government could be established in the future that would require us to revisit this question.