# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-51148
Summary Calendar

ALFRED E EHM

Plaintiff-Appellant

v.

BOARD OF TRUSTEES OF THE METROPOLITAN RAPID TRANSIT
AUTHORITY OF SAN ANTONIO

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-103

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alfred E. Ehm appeals, pro se, from the dismissal, without prejudice, of his pro se civil rights complaint for failure to state a claim. The Federal Rule of Civil Procedure 12(b)(6) dismissal is reviewed de novo. E.g., In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

Ehm maintains: the members of the Board of Trustees of the Metropolitan Rapid Transit Authority of San Antonio (Board) are selected by an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional method. The Board is composed of 11 members appointed in the following way: the San Antonio City Council appoints five members, the mayors of the municipalities within the Transit Authority appoint two members, the Commissioners Court of Bexar County appoints three members, and the majority of the Board appoints one member. TEX. TRANSP. CODE ANN. §§ 451.501(a), (e), 451.502(a), (e) (Vernon 2006).

Ehm contends: the appointment of Board members rather than the general election of Board members by San Antonio citizens violates his rights under the Equal Protection Clause and the "one person, one vote" principle arising under that Clause. Ehm's contentions are without merit. The Board was created by state statutory authority, which provides for appointment rather than election to the Board. Id. The statute gives the Board power to perform essentially administrative rather than legislative functions. See Id. § 451.053; City of Atlanta v. Metro. Atlanta Rapid Transit Auth., 636 F.2d 1084, 1089 (5th Cir. Unit B Feb. 1981). Accordingly, this system of appointment does not violate equal protection or the "one person, one vote" principle. See Sailors v. Bd. of Educ., 387 U.S. 105, 111 (1967); City of Atlanta, 636 F.2d at 1089. No authority, constitutional or otherwise, requires the Board to elect its members. See City of Atlanta, 636 F.2d at 1089; Byrd v. City of San Antonio, 587 F.2d 184, 186 (5th Cir. 1979).

To the extent that Ehm asserts the Board violated equal rights of citizens through taxation without representation, this claim fails as well. The Board has the power to levy taxes only with the prior approval by a vote from San Antonio citizens. TEX. TRANSP. CODE ANN. §§ 451.401 & 451.402 (Vernon 2006).

For the first time on appeal, Ehm contends: the Board's method of appointing its members violates the Voting Rights Act of 1965. This court need not address issues not raised in district court. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, the district court did not err in granting the Board's motion to dismiss Ehm's complaint. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

AFFIRMED.